THE STATE OF TEXAS V. MIKE HOGG ET AL.

No. 6416.   Decided May 2, 1934.
Motion for rehearing overruled June 19, 1934.
Second Motion for rehearing overruled October 24, 1934.
(70 S. W., 2d Series, 699; 72 S. W., 2d Series, 593.)

*O'Brien Stevens,* Criminal District Attorney for Harris County, of Houston, *James V. Allred,* Attorney General, and *F. O. McKinsey,* Assistant Attorney General, for plaintiff in error.

The property in question belonged to W. C. Hogg, deceased, at his death and passed as bequests under his will to and for the use of the defendants herein (other than Mike Hogg, executor); said defendants are natural persons, not related to said deceased and reside in the State of Texas and the bequests to them are to be used in this State; said W. C. Hogg died a resident of Texas September 12, 1930, and all said property

is situated in this State, and all the requisite steps were complied with in calculating and determining said tax; hence said bequests are subject to an inheritance tax in favor of the State's general revenue, and the judgment of the trial court should have been for the State for the amount of the taxes shown to be due.

The facts being as stated above, the property which passed to and for the use of the defendants, other than Mike Hogg, executor, was and is subject to an inheritance tax for the benefit of the State's general revenue fund according to the classification made by Article 7122, Revised Statutes, 1925, as amended in 1927, it being immaterial, and not exempting said bequests from said tax, that the said beneficiary defendants reside in Texas and that the bequests to them are to be used in this State. Koy v. Schneider, 110 Texas, 369, 221 S. W., 880; Lewis' Suth. Stat. Const., Sec. 376; Maccabees v. Marshall, 11 S. W. (2d) 523; McInery v. City of Galveston, 58 Texas, 334; Mills County v. Lampasas County, 90 Texas, 603, 40 S. W., 404; Millers Mutual Fire Ins. Co. v. City of Austin, 210 S. W., 825; Gleason & Otis on Inheritance Taxation, Part I, pages 2-42.

*David M. Picton, Jr., Stephen L. Pinckney,* and *Wm. G. B. Morrison,* all of Houston, for defendants in error.

That the appellees (other than Mike Hogg) are not classified by, and do not fall within any of the classifications set out in Articles 7117 to 7122, both inclusive, of the Revised Civil Statutes of 1925, or any of the attempted amendments thereof, or under any other law in force in the State of Texas at the time of the death of W. C. Hogg, and that the bequests made to appellees and passing to and for their use are not taxed for inheritance tax purposes. Articles 7117 to 7122, R. C. S., 1925, and amendments; State v. Jones, 290 S. W., 244; Knowlton v. Moore, 178 U. S., 41, 44 L. Ed., 969, 20 S. C. R., 747; Frick v. Pennsylvania, 268 U. S., 473, 69 L. Ed., 1058, 45 S. C. R., 603; Tyler v. U. S., 281 U. S., 497, 74 L. Ed., 991, 50 S. C. R., 356; Magoun v. Illinois T. & S. Bank, 170 U. S., 283, 18 S. C. R., 594, 42 L. Ed., 1037.

MR. JUDGE CRITZ delivered the opinion of the Commission of Appeals, Section A.

This is a suit under the Inheritance Tax Laws of this State. It appears that the State of Texas, by its Attorney General and by the Criminal District Attorney of Harris County, Texas, there being no county attorney in such county, sued Mike Hogg

as executor of the will and estate of W. C. Hogg, deceased, who died September 30, 1930, and 23 other individuals to whom bequests of property passed under the will of W. C. Hogg, deceased, to recover inheritance taxes and penalties claimed to be due the State of Texas by virtue of the Inheritance Statutes of this State, and by reason of the bequests so made to such 23 individuals.

It appears that the above 23 individuals, who are defendants herein, are all named as beneficiaries and legatees in the will of W. C. Hogg, deceased; that none of them were related to deceased in any degree; that all such legatees are residents of this State, and that all such devises are to be used in this State. In this connection, it does not appear from the record that there is any stipulation in the will as to where such devises are to be used.

As we understand this record, the sole and only questions presented to us for decision is whether the statutes of this State in force at the time of the death of W. C. Hogg provided for a tax on these bequests, and if so, should the penalty-interest of 2% per month beginning with the date of notice of the assessment thereof to the executor be charged against such bequests. The county judge failed to certify such claimed amounts to the respective appellees themselves but did certify same to the executor.

As to the liability for taxes on the property bequeathed to them, these individual legatees submitted this case in the two lower courts on one contention, which is, that because they were not related to the testator in any degree; will use the bequests in the State; and were all residents of the State at the time of testator's death, the bequests to them were not taxed under our Inheritance Tax Statutes as they existed at the time of the death of the testator. The district court and Court of Civil Appeals both sustained the appellees' contention. In this condition of the record, the two lower courts did not reach the penalty-interest question.

The statutes directly and indirectly involved in the decision of this case are as follows:

Art. 7117. "All property within the jurisdiction of this State, real or personal, corporate or incorporate, and any interest therein, whether belonging to inhabitants of this State or to persons who are not inhabitants, regardless of whether property is located within or without this State, which shall pass absolutely or in trust by will or by the laws of descent or disrtibution of this or any other State, or by deed, grant, sale or gift made or intended to take effect in possession or

enjoyment after the death of the grantor or donor, shall upon passing to or for the use of any person, corporation or association, be subject to a tax for the benefit of the State's general revenue fund in accordance with the following classifications; provided, however, that the tax imposed by this Article in respect to personal property of non-residents (other than tangible property having an actual situs in this State) shall not be payable: (1) if the grantor or donor at the time of his death was a resident of a State or territory of the United States or of a foreign country, which, at the time of his death, did not impose a transfer of inheritance tax of any character in respect of personal property of residents of this State (other than tangible personal property having an actual situs in said State); or, (2), if the laws of the State or territory or foreign country of the residence of the grantor or donor at the time of his death, contained a reciprocal provision under which non-residents were exempted from transfer or inheritance taxes of every character in respect to personal property (other than tangible personal property having an actual situs therein) provided the State or territory or foreign country of residence of such non-residents allowed a similar exemption to residents of the State or territory or foreign country of residence of such a grantor or donor. For the purpose of this Article the District of Columbia and possessions of the United States shall be considered territories of the United States, and Provinces of the Dominion of Canada shall be considered foreign countries. Provided further that the provisions of this Act shall not apply to residents of those states which have no inheritance tax law."

Art. 7118. "If passing to or for the use of husband or wife, or any direct lineal descendant or ascendant of the decedent, or to legally adopted child or children, or to the husband of a daughter or the wife of a son, the tax shall be one per cent on any value in excess of twenty-five thousand dollars, and not exceeding fifty thousand dollars; two per cent on any value in excess of fifty thousand dollars, and not exceeding one hundred thousand dollars; three per cent on any value in excess of one hundred thousand dollars, and not exceeding two hundred thousand dollars; four per cent on any value in excess of two hundred thousand dollars and not exceeding five hundred thousand dollars; five per cent on any value in excess of five hundred thousand dollars, and not exceeding one million dollars; and six per cent on any value in excess of one million dollars."

Art. 7119. "If passing to or for the use of the United States, to be used in this State, the tax shall be one per cent

on any value in excess of twenty-five thousand dollars, and not exceeding fifty thousand dollars; two per cent on any value in excess of fifty thousand dollars and not exceeding one hundred thousand dollars; three per cent on any value in excess of one hundred thousand dollars and not exceeding two hundred thousand dollars; four per cent on any value in excess of two hundred thousand dollars, and not exceeding five hundred thousand dollars; five per cent on any value in excess of five hundred thousand dollars and not exceeding one million dollars; and six per cent on any value in excess of one million dollars." Acts 1927, page 87.

Art. 7120. "If passing to or for (for) the use of a brother or sister or a direct lineal descendant of a brother or sister, of the decedent, the tax shall be three per cent on any value in excess of ten thousand dollars and not exceeding twenty-five thousand dollars; four per cent on any value in excess of twenty-five thousand dollars and not exceeding fifty thousand dollars; five per cent on any value in excess of fifty thousand dollars and not exceeding one hundred thousand dollars; six per cent on any value in excess of one hundred thousand dollars and not exceeding two hundred and fifty thousand dollars; seven per cent on any value in excess of two hundred and fifty thousand dollars and not exceeding five hundred thousand dollars; eight per cent on any value in excess of five hundred thousand dollars and not exceeding seven hundred and fifty thousand dollars; nine per cent on any value in excess of seven hundred and fifty thousand dollars and not exceeding one million dollars; and ten per cent on any value in excess of one million dollars."

Art. 7121. "If passing to or for the use of an uncle or aunt, or a direct lineal descendant of an uncle or aunt of the decedent, the tax shall be four per cent of any value in excess of one thousand dollars and not exceeding ten thousand dollars; five per cent on any value in excess of ten thousand dollars and not exceeding twenty-five thousand dollars; six per cent on any value in excess of twenty-five thousand dollars and not exceeding fifty thousand dollars; seven per cent on any value in excess of fifty thousand dollars and not exceeding one hundred thousand dollars; ten per cent on any value in excess of one hundred thousand dollars and not exceeding five hundred thousand dollars; twelve per cent on any value in excess of five hundred thousand dollars and not exceeding one million dollars; and fifteen per cent on any value in excess of one million dollars."

Art. 7122. "If passing to or for the use of any other person

within or without this State or to any religious, educational or charitable organization or institution located without the State of Texas, or to any religious, educational or charitable organization or institution located in the State of Texas or to the United States, and the bequest, devise or gift is to be used without this State, or to any other corporation or association not included in any of the classes mentioned in the preceding portions of the original act known as Chapter 29 of the General laws of the Second Called Session of the 38th Legislature, the tax shall be five per cent on any value in excess of five hundred dollars, and not exceeding ten thousand dollars; six per cent on any value in excess of ten thousand dollars, and not exceeding twenty-five thousand dollars; eight per cent on any value in excess of twenty-five thousand dollars, and not exceeding fifty thousand dollars; ten per cent on any value in excess of fifty thousand dollars, and not exceeding one hundred thousand dollars; twelve per cent on any value in excess of one hundred thousand dollars and not exceeding five hundred thousand dollars; fifteen per cent on any value in excess of five hundred thousand dollars and not exceeding one million dollars; and twenty per cent on any value in excess of one million dollars." Acts 1927, page 87.

■ A reading of Article 7122, supra, convinces us beyond any doubt that the bequests to these 23 appellees are classified as taxable under such article. In this connection we construe such statute to class as taxable all inheritances:

(a) That pass to any natural person, within or without this State, who do not fall within one of the several classes going before;

(b) That pass to any religious, educational or charitable organization or institution located without this State;

(c) That pass to any religious, educational or charitable organization or institution located within this State, or to the United States if such bequest is to be used without the State; and

(d) That pass to any other corporation or organization not included in any of the classes already mentioned.

■ As reasons for our construction of Article 7122, supra, we call attention to the fact that by the various classifications all properties exceeding certain amounts passing to natural persons are placed in some tax classification. Also property passing to the husband, wife, child or any named blood relative of the deceased is classed as taxable regardless of whether it is to be used within or without the State. With the law in this

condition it should not be held that property passing to a stranger to the family of the deceased is exempt from taxation just because such stranger purposes to use it without the State, when the exemption on that ground would not apply to the same property passing from the same deceased to the wife, husband, child or blood relative. Such a construction would convict the Legislature of doing an unjust thing, and furthermore would be so unreasonable a classification as to render the constitutionality of the Act extremely doubtful. Courts will not give a statute an interpretation which renders it void, when it is susceptible of another interpretation that renders it valid.

Another reason for holding to the above construction of Article 7122, supra, which in fact holds that the clause "and the bequest, devise or gift is to be used without the State," only limits or modifies the two classes of legacies just preceding it, is that bequest passing to the United States to be used in the State is classified under Article 7119, supra. In regard to such bequest the clause last above quoted provides the opposite classification.

■ Finally it will be noted that religious, educational and charitable organizations are divided into two classes for tax purposes, (a) those located without the State, and (b) those located within the State, but the bequest is to be used without the State. If the statute intended the clause "and the bequest * * * is to be used without the State" and to limit all that goes before it the mentioning of these two classes becomes without meaning.

It seems to be urged that a correct grammatical construction requires that the clause under discussion be allowed to limit all that goes before it. We do not adhere to strict grammatical rules in construing statutes when to do so violates the manifest intention of the Legislature.

From the above discussion it is evident that we hold that the several bequests to these 23 individual appellees are taxed under Article 7122, supra. This holding makes it necessary for us to decide the penalty-interest question.

On the right to collect the penalty-interest we quote Articles 7131 and 7134, R. C. S.

Art. 7131. "Immediately after the filing of the appraisal report, or as soon thereafter as practical, the county judge shall calculate and determine the tax due on such property, according to the value thereof as shown in such appraisement, and shall furnish a statement of the same to the Comptroller

for verification. If the Comptroller finds the tax to be correct, he shall so advise the county judge, whereupon it shall immediately become the duty of the county judge to certify such amount to the collector of taxes, to the executor, administrator or trustee, and to the person to whom or for whose use, the property passes, and said tax shall be a lien upon such property from the death of the decedent until paid."

Art. 7134. "If the amount of tax due hereunder, as shown by such assessment furnished by the county judge and Comptroller, is not paid within three months from the date of said assessment, same shall draw two per cent interest per month until paid, beginning with the date of notice of such assessment, and shall be added to said tax and collected as a penalty. If said tax and penalty are not paid within nine months from the date of such assessment, the Comptroller shall so advise the county attorney, or if there is no county attorney then the district attorney, who must immediately file suit in the district court to foreclose the tax lien, as other tax liens are foreclosed."

■ It will be noted that Article 7131 makes it the duty of the county judge to certify the amount of taxes to the collector of taxes, to the executor, administrator or trustee and to the person to whom or for whose use the property passes. Article 7134 provides in effect that if the tax is not paid within three months from the date of the assessment same shall draw two per cent interest per month until paid, beginning with the date of notice of such assessment. Penalty statutes must be strictly complied with, and before the State is entitled to collect the penalty it must be shown that the conditions precedent to the right to collect the same have been strictly followed. One of the conditions to the right to collect this penalty is that the person to whom or for whose use the property passes shall receive notice of the amount of taxes assessed from the county judge. The record in this instance shows that no such notices were ever given to any of these 23 appellees. It follows that the statute has not been complied with in this respect and the State therefore has no right to demand the penalties.

The judgments of the Court of Civil Appeals and the district court are both reversed and judgment here rendered for the State against the executor and the several 23 defendants for the taxes due as shown at pages 23 and 24 of the Statement of Facts.

Opinion adopted by the Supreme Court May 2, 1934.

## ON MOTION FOR REHEARING.

This case is before us on motion for rehearing filed by defendants in error. In our original opinion we stated that the only question to be decided was, "whether the statutes of this State in force at the time of the death of W. C. Hogg provided for a tax on these bequests," etc. This statement was somewhat inaccurate. We find on reexamination of the record that defendants in error did contend therein that our inheritance tax statutes are unconstitutional and void for several reasons. Only one of such reasons is considered of sufficient importance to require a discussion.

Defendants in error contend that because our inheritance tax laws are so framed as to make a difference is the per cent of tax to be paid by different classes of persons and parties, they are violative of Section 1 of Article 8 of our Constitution, requiring taxation to be equal and uniform. This contention seems to be based on the theory that the levy is in the nature of an ad valorem tax, levied on the property passing.

■ Before directly discussing the law question presented we desire to call attention to the fact that the rule is that every possible presumption is in favor of the constitutionality of a statute, and such presumption obtains until the contrary is shown beyond a reasonable doubt. If a statute is susceptible of two constructions, one of which renders it constitutional and the other unconstitutional, it is our duty to give it the construction that sustains its constitutionality. Koy v. Schneider, 110 Texas, 407, 221 S. W., 880. We must construe our inheritance tax statutes by the above rule.

We quoted the statutes here involved in our original opinion. We will not repeat them here. It is sufficient to say that they comprise Articles 7117 to 7122, both inclusive, of our civil statutes.

Article 7117, so far as applicable to this discussion provides:

"All property within the jurisdiction of this State, real or personal, corporate or incorporate, and any interest therein, * * * which shall pass absolutely or in trust by will or by the laws of descent or distribution of this * * * State, * * * shall upon passing to or for the use of any person, corporation or association, be subject to a tax for the benefit of the State's general revenue fund in accordance with the following classifications," etc.

The succeeding articles which define the tax to be collected in the several classifications provide, "If passing to or for the

use of, * * * the tax shall be." Then follows provisions levying the tax not on the value or amount of the estate, but on the value or amount of the property passing to a particular class of parties. Also the exemptions and amount of the tax vary according to the several classifications.

An examination of the authorities convinces us that the almost universal rule is that inheritance taxes such as are levied by our statutes are held to be privilege taxes, and not property taxes. In other words, the tax is upon the right of succession and not upon the property. State v. Jones, 290 S. W., 244 (Civ. App.); Cooley on Taxation, Vol. 1, 4th Ed., p. 136, Sec. 48; Id., Vol. 4, Sec. 1730; In re Fish's Estate, 219 Mich., 369, 189 N. W., 177; Oreiner v. Lewellyn, 258 U. S., 384, 66 L. Ed., 676, 42 Sup. Ct., 324; United States v. Waite, 33 Fed. (2d) 567 (Certiorari Denied, 280 U. S., 608, 74 L. Ed., 651); Allen v. Henggeler, 32 Fed. (2d) 69 (Certrorari Denied, 280 U. S., 594); State v. Handlin, 100 Ark., 175, 139 S. W., 1112; In re Wilmerding, 117 Calif., 284, 49 Pac., 181; Brown v. Elder, 32 Col., 527, 77 Pac., 853; Farkas v. Smith, 147 Ga., 503, 94 S. E., 1016; McGee v. State, 105 Iowa, 9, 74 N. W., 695; State v. Hamlin, 86 Me., 495, 30 Atl., 76; State v. Ferris, 53 Ohio State, 314, 41 N. E., 579, 26 R. C. L., pp. 167, 168; 61 C. J., p. 161, par. 2379. These authorities could be multiplied several times, but we think they are sufficient to show that our inheritance tax statutes levy a privilege tax, and not a property tax. There is certainly nothing in the wording of our statutes inconsistent with such a construction, and since such a construction renders their validity free from doubt they should be so construed. Koy v. Schneider, supra.

We have read and carefully considered the other questions presented by the motion for rehearing and still adhere to the views expressed in our original opinion. The motion for rehearing is overruled.

Opinion adopted by the Supreme Court June 19, 1934.