Robert Glenn LANGFORD, Appellant,

v.

The STATE of Texas, Appellee.

No. 51360.

Court of Criminal Appeals of Texas.

Jan. 28, 1976.

Dougal C. Pope, Houston, for appellant.

Carol S. Vance, Dist. Atty., and James C. Brough and Greg Lucia, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

BROWN, Commissioner.

This is an appeal from a conviction for driving a motor vehicle while intoxicated under Art. 6701*l*–1 V.A.C.S. Punishment was assessed by the court at thirty days in the county jail, probated for one year, and a fine of one hundred seventy-five dollars.

Initially we are confronted with the State's contention that we are without jurisdiction to hear this appeal. The record reflects that the trial court assessed punishment on October 24, 1974. Appellant filed his motion for new trial on October 24, 1974. A hearing on the motion was set for November 13, 1974. The docket sheet for November 13, 1974 indicates only that notice of appeal was given in open court. The State argues that the notice of appeal was ineffective because it was given before the motion for new trial was overruled by operation of law.

This Court has held that where notice of appeal is given prior to the hearing on, or overruling of, the motion for new trial the notice of appeal is ineffective. *Perez v. State,* 496 S.W.2d 627 (Tex.Cr.App. 1973); *Menasco v. State,* 503 S.W.2d 273 (Tex.Cr.App.1973).

However, the record was corrected on October 10, 1975 to reflect the fact that appellant's motion for new trial was overruled by the trial court on November 13, 1974 after which appellant timely gave notice of appeal. Therefore, the record as corrected wholly fails to support the State's contention. The appeal is properly before us.

Appellant's first ground of error is that the trial court erred in refusing to permit the appellant to subpoena the breathalyzer machine and bring it into court.

The appellant contends that since he was not allowed to bring the breathalyzer into the courtroom he was denied the right of effective cross-examination of the State's witnesses. What the appellant is apparently arguing is that he was denied the use of the breathalyzer machine so that it could be used to attack the credibility of the State's expert witnesses. The record reflects that the appellant's attorneys had the opportunity to examine the breathalyzer at the Houston Police Department. The appellant does

not contend that the machine was in any way mechanically defective, nor has he shown how he could have used the breathalyzer in his cross-examination of the State's witnesses. The record before us indicates that the appellant's attorneys conducted an extensive and detailed cross-examination of the State's expert witnesses.

The use of the breathalyzer before the jury rested within the sound discretion of the trial court. In order for the appellant to show an abuse of discretion he must show that he was harmed by the action of the trial court. This the appellant has failed to do. The appellant has made no showing that he was denied the right of effective cross-examination.

Appellant's first ground of error is overruled.

■ Appellant's second ground of error is that the breathalyzer statute, Art. 6701*l*–5, Sec. 3(b) V.A.C.S., is unconstitutional in that it is a delegation of legislative powers to the executive branch, i. e., the Texas Department of Public Safety.

Sec. 3(b) of Article 6701*l*–5 provides as follows:

"(b) Chemical analysis of a person's breath, to be considered valid under the provisions of this section, must be performed according to methods approved by the Texas Department of Public Safety and by an individual possessing a valid certificate issued by the Texas Department of Public Safety for this purpose. The Texas Department of Public Safety is authorized to approve satisfactory techniques or methods, to ascertain the qualifications and competence of individuals to conduct such analysis, and to issue certificates certifying such fact. These certificates shall be subject to termination or revocation, for cause, at the discretion of the Texas Department of Public Safety."

This Court is the final arbitrator of the standards that apply in determining the sufficiency of the evidence and due process. The statute in question has been cited, dis-cussed and impliedly held constitutional in a number of cases. *Gilder v. State,* 474 S.W.2d 723 (Tex.Cr.App.1972) (reversed because there was no expert testimony offered that the result of the test showed intoxication); *French v. State,* 484 S.W.2d 716 (Tex.Cr.App.1972) (reversed because the proper predicate for the admissibility of the breathalyzer test not shown); *Rangel v. State,* 502 S.W.2d 152 (Tex.Cr.App.1973) (results of breathalyzer test inadmissible without testimony concerning the operator's certification as required by Art. 6701*l*–5); *Reyna v. State,* 508 S.W.2d 632 (Tex.Cr.App.1974) (reversed because the proper predicate for the admissibility of the breathalyzer test not shown); *Palafox v. State,* 509 S.W.2d 846 (Tex.Cr.App.1974) (breathalyzer test not admissible because there was no showing that the operator possessed a valid certificate from the Department of Public Safety or that the test was performed according to methods approved by the Department of Public Safety); *Dorsche v. State,* 514 S.W.2d 755 (Tex.Cr.App.1974) (operator who gave breathalyzer test held to be currently certified as required by the statute and rules promulgated by the Department of Public Safety); *Bennett v. State,* 522 S.W.2d 507 (Tex.Cr.App.1975) (statute held only to apply to persons under arrest at the time the test was taken).

However, as the appellant's reply brief points out this seems to be the first time that the constitutionality of the statute has been directly challenged.

In *Margolin v. State,* 151 Tex.Cr.R. 132, 205 S.W.2d 775 (1947), cited by the appellant, this Court reversed a conviction for violation of the pure food law holding that the statute could not be given a construction that allowed the State Health Officer to determine as a matter of law what constituted adulteration. This case is not in point. The delegation of authority that was condemned related to the definition of what was an offense not a means of determining if an offense had taken place.

In *Ex parte Chernosky*, 153 Tex.Cr.R. 52, 217 S.W.2d 673 (1949), cited by the appellant, this Court held that where a statute forbids or requires the doing of an act in terms so vague that men of common intelligence must guess as to its meaning and differ as to its application it lacks the first essential of due process of law. On this basis this Court held that a conviction for driving "without due caution or circumspection" could not stand. Again this is not in point since the question before us is not the definition of what constitutes an offense.

Our own research has led us to *Williams v. State*, 514 S.W.2d 772 (Tex.Civ.App.—Beaumont 1974 writ ref'd n. r. e.) which we believe is instructive. The appellant in *Williams v. State*, supra, challenged the constitutionality of the Water Well Drillers Act, Art. 7621e V.A.C.S., alleging that the Act was an unconstitutional delegation of legislative authority in that it did not set forth guidelines or standards for the Board to follow in licensing and regulating water well drillers. In finding that the Act was valid the Beaumont Court of Civil Appeals made the following points:

"In passing upon this question we have the rules stated in *Trapp v. Shell Oil Co.*, 145 Tex. 323, 198 S.W.2d 424 (1946), to guide us:

" 'This Court, in testing the constitutionality of a statute, has variably stated the rule as follows:

" ' *Ashford v. Goodwin*, 103 Tex. 491, 131 S.W. 535, 537, Ann.Cas.1913A, 699: "This court must sustain it unless its invalidity be apparent beyond a reasonable doubt."

" ' *State v. Hogg*, 123 Tex. 568, 70 S.W.2d 699; on rehearing 123 Tex. 568, 72 S.W.2d 593: " * * * the rule is that every possible presumption is in favor of the constitutionality of a statute, and such presumption obtains until the contrary is shown beyond a reasonable doubt."

" ' It is stated in the case of *Brown v. City of Galveston*, 97 Tex. 1, 75 S.W. 488, loc.cit. 492: "If there be doubt as to the validity of the law, it is due to the co-ordinate branch of the government that its action should be upheld and its decision accepted by the judicial department." ' "

In *Ex parte Smith*, 441 S.W.2d 544 (Tex. Cr.App.1969) the appellant challenged the constitutionality of Art. 6701c–3 V.A.C.S. which requires motorcycle operators and passengers to wear protective headgear. The appellant contended that the statute improperly delegated legislative authority to the Texas Department of Public Safety. This Court rejected the appellant's contention, saying:

"The delegation of authority by the legislature to the Department of Public Safety to promulgate rules and regulations capable of reasonable application which are necessary to carry out the purpose of the act does not render the statute void."

A contention identical to the appellant's herein was before the Supreme Court of Iowa in the case of *State v. Berch*, 222 N.W.2d 741 (Iowa 1974). The Iowa court held that a statute which authorized the commissioner of public safety to promulgate rules for breath and urine tests to determine blood alcohol content was not an unconstitutional delegation of legislative power to the commissioner of public safety.

*Beall Medical Surgical Clinic & Hospital v. Texas State Board of Health*, 364 S.W.2d 755 (Tex.Civ.App.—Dallas 1963 no writ), contains the following statement of law:

"The Legislature may properly delegate to an administrative agency the authority to establish rules, regulations or minimum standards which may be said to reasonably carry out the expressed purpose of the Act."

The title of the breathalyzer act reads as follows:

"An Act authorizing and regulating the use and performing of chemical tests under certain conditions on motor vehicle drivers to determine intoxication; provid-

ing for suspension or denial of the driver's license upon refusal of an arrested person to submit to certain chemical testing; providing for an administrative hearing and judicial review; providing for admissibility of test results as evidence; providing a severability clause; and declaring an emergency." Acts 1969, 61st Leg., p. 1468, ch. 434.

In light of the authorities cited above and the purpose of the Act as shown by its title it is clear that Art. 6701*l*–5 does not contain an unconstitutional delegation of legislative powers to the Texas Department of Public Safety in allowing the Department of Public Safety to approve methods of breath testing, nor in authorizing the Department of Public Safety to ascertain the qualifications and competence of individuals who conduct the breath testing.

It should be further noted that the statute actually did no more than codify the existing case law that had developed on the issue of the admissibility of breathalyzer evidence. See 7 Houston L.R. 508 (1970). The use of breath testing evidence to prove intoxication was first approved by this Court in the case of *McKay v. State,* 155 Tex.Cr.R. 416, 235 S.W.2d 173 (1950) and it continues to be admissible evidence provided the proper predicate is shown. See also *Hill v. State,* 158 Tex.Cr.R. 313, 256 S.W.2d 93 (1953)

Appellant's second ground of error is overruled.

■ Appellant's third ground of error is that the court erred when it instructed the jury that when a breath analysis is 0.10 percent or more by weight of alcohol in the person's blood the defendant is presumed to be intoxicated.

The record before us indicates that no written objection to this portion of the trial court's charge was made in a timely manner as required by Art. 36.14, V.A.C.C.P.

Appellant's complaint is not before us for review. See, e. g., *Keith v. State,* 499

S.W.2d 187 (Tex.Cr.App.1973) and the cases cited therein.

The judgment is affirmed.

Opinion approved by the Court.