Jack Bryan SLAGLE, Appellant,

v.

The STATE of Texas, Appellee.

No. 54947.

Court of Criminal Appeals of Texas, Panel No. 2.

Sept. 20, 1978.

tion of the breathalyzer examination showed that the results of a breathalyzer test could vary according to a number of variables. These variables included the body temperature of the subject, the temperature of the subject's breath, whether the subject discharged alcohol through his saliva glands, the ratio of blood alcohol to alveolar alcohol, whether the subject hyperventilated, the time lapse between operation of the motor vehicle and administration of the breathalyzer test, the amount of solution in the test ampoule, and whether the subject's circulatory system was at equilibrium. However, it is noted that at no time did the appellant establish that these particular variables that might create error in the test results were applicable to him at the time the test was administered.

Frank Maloney and David H. Reynolds, Austin, for appellant.

Ned Granger, County Atty. and Juan Gallardo, Asst. County Atty., Austin, for the State.

Before ONION, P. J., and PHILLIPS and TOM G. DAVIS, JJ.

## OPINION

PHILLIPS, Judge.

This is an appeal from a conviction for driving while intoxicated. Punishment was assessed at 30 days' imprisonment and a $100.00 fine, probated.

Appellant's first ground of error complains that the trial court erred in submitting the instruction concerning the presumption of intoxication under Article 6701*l* –5, Section 3(a), V.A.C.S.,[1] because the State failed to prove beyond a reasonable doubt the facts required to establish said presumption. It is the contention of appellant that the testimony on the administra-

Article 6701*l* –5, Section 3(b), V.A.C.S., provides:

"(b) Chemical analysis of the person's breath, to be considered valid under the provisions of this section, must be performed according to methods approved by the Texas Department of Public Safety and by an individual possessing a valid certificate issued by the Texas Department of Public Safety for this purpose. The Texas Department of Public Safety is authorized to approve satisfactory techniques or methods, to ascertain the qualifications and competence of individuals to conduct such analysis, and to issue certificates certifying such fact. These certificates shall be subject to termination or revocation, for cause, at the discretion of the Texas Department of Public Safety."

Appellant does not contend that the evidentiary basis for submission of the presumption to the jury, as set forth above, was not established by the evidence. Neither does appellant contend that the evidence of the breathalyzer test results was introduced without a proper predicate as required un-

1. "Upon the trial of any criminal action or proceeding arising out of acts alleged to have been committed by any person while driving or in actual physical control of a motor vehicle and while under the influence of intoxicating liquor, evidence of the amount of alcohol in the person's blood at the time of the act alleged as shown by chemical analysis of his blood, breath, urine, or any other bodily substance, shall be admissible and if there was at that time 0.10 percent or more by weight of alcohol in the person's blood, it shall be presumed that the person was under the influence of intoxicating liquor.

der Texas case law.[2] Although appellant's Ground of Error No. 1 on appeal does not comport with his written objections to the charge at the time of trial,[3] we conclude that the trial court did not err in submitting the instruction on the presumption of intoxication to the jury. Nor did the trial court misstate the law in submitting the instruction to the jury. V.T.C.A., Penal Code Section 2.05(1) provided at the time of appellant's trial:

"When this code or another penal law establishes a presumption with respect to any fact, it has the following consequences:

(1) if there is sufficient evidence of the facts that give rise to the presumption, the issue of the existence of the presumed fact *must* be submitted to the jury, *unless the court is satisfied that the evidence as a whole clearly precludes a finding beyond a reasonable doubt of the presumed fact*; . . ." (Emphasis added)

Thus, the law mandated submission of the instruction concerning the presumption of intoxication if there was sufficient evidence of the facts required to give rise to the presumption. The only requirements for the presumption to become operative are that (1) the test "be performed according to methods approved by the Texas Department of Public Safety and [(2)] by an indi-vidual possessing a valid certificate issued by the Texas Department of Public Safety for this purpose." The evidence reflects that the appellant was stopped by Highway Patrol Officer Martin at approximately 1:22 a. m. on November 3, 1974. Appellant was stopped after being observed driving erratically and failing to remain in a single marked lane. Upon being stopped and asked to exit his vehicle, the appellant walked with some hesitancy towards the rear of the vehicle, leaned on his vehicle, had red, glassy eyes, was swaying as he stood, had "thick tongued" speech, and smelled of alcoholic beverages. He was arrested for driving while intoxicated and was transported to the Travis County Sheriff's Office. He was read the standard warning[4] and agreed to take the breathalyzer examination. He was tested at 1:58 a. m. by Officer Martin with a test result showing .11 percent alcohol present in appellant's blood. Officer Martin is certified by the Department of Public Safety for conducting such tests and operated this test according to the DPS "Breathalyzer Operational Checklist." The evidence shows that the facts giving rise to the presumption were proven by the State. These particular facts were never controverted by the appellant, save for the question of the voluntariness of his consent to take the test which was not presented here on appeal. Thus, we must conclude that there being no contested factual issue

**2.** A predicate for the admissibility of the results of a breathalyzer examination requires a showing that (1) properly compounded chemicals were used in the test, (2) there has been periodic supervision over the machine and the machine was operated by an individual who understands its scientific theory, and (3) the results of the breathalyzer test are testified to by one qualified to translate and interpret those results in order to eliminate hearsay testimony. See *Cody v. State*, Tex.Cr.App., 548 S.W.2d 401; *Palafox v. State*, Tex.Cr.App., 509 S.W.2d 846; *Reyna v. State*, Tex.Cr.App., 508 S.W.2d 632; *French v. State*, Tex.Cr.App., 484 S.W.2d 716; *Hill v. State*, 158 Tex.Cr.R. 313, 256 S.W.2d 93.

**3.** Appellant's written objection to the charge submitted at the time of trial reads, in pertinent part:

"Defendant objects to Paragraphs III and IV of the court's charge because same is not a correct statement of law, violates the Texas and federal constitution in that it shifts the burden of proof, and further said paragraph constitutes a comment on the weight of the evidence."

The latter two objections were not presented on appeal either.

**4.** "You are under arrest for the offense of driving while intoxicated. I hereby request that you submit to a chemical breath test to determine the alcoholic content of your blood.

If you refuse to take this test your driving privilege and drivers license can be suspended.

In addition to the breath test you have the right to have a physician, qualified technician, chemist or qualified professional nurse of your own choosing administer a chemical test, or tests, within a reasonable time (not more than two hours) after your arrest."

concerning the facts giving rise to the presumption, the trial court was under a mandatory obligation to submit the presumption to the jury. The evidence of the breathalyzer test results having been admitted into evidence without objection, the jury was free to conclude that the presumption of intoxication applied and proved the element of intoxication in appellant's prosecution for driving while intoxicated.

■ The evidence relied upon by the appellant for the proposition that, as a matter of law, the presumption was inapplicable really addresses the question of whether the use of such a presumption is appropriate. Such a decision is legislative in nature and is foreclosed by the Legislature's judgment as reflected in Article 6701*l*–5. It is our belief that the Legislature was cognizant of the possible variables involved in the administration of the breathalyzer examination insofar as it provided the right, upon request, to have a blood test conducted for the purpose of determining the alcoholic content of the blood. We note that there is no evidence that the appellant requested such an examination. Furthermore, the appellant has not demonstrated that he himself possesses those unique physical characteristics that would remove him from the general class of individuals upon which the scientific assumptions underlying the breathalyzer test theory are based. The evidence adduced by appellant does not "clearly preclude" the jury from finding the presumed fact.

■ Finally, we note that the appellant was allowed to introduce the evidence concerning these variables before the jury and the jury apparently chose to disregard any discounting effect the appellant thought it might have. Such evidence goes to the weight to be accorded to the breathalyzer test results. The instruction required to be submitted to the jury under V.T.C.A., Penal Code, Section 2.05(2)(B), provides:

"that if such facts are proven beyond a reasonable doubt the jury may find that the element of the offense sought to be presumed exists, *but it is not bound to so find*; . . . ." (Emphasis added)

Appellant's first ground of error is overruled.

■ Appellant's next contention is that the presumption involved in Article 6701*l*–5, V.A.C.S., constitutes a presumption based upon a presumption. The appellant bases his contention on the various underlying scientific assumptions upon which the breathalyzer test theory rests. As stated above, the Legislature has seen fit to conclude that these potential margins of error are not sufficiently significant to foreclose the use of the breathalyzer examination results in the prosecution of this offense. The Legislature has made appropriate provision for those individuals who might believe they have such individual variations in their metabolism. These people can request a direct examination of their blood. See Article 6701*l*–5, Section 3(c), Footnote 4, supra. Further, appellant admits that the presumption has a rational basis. Thus, the doubts of some scientists concerning the accuracy of the breathalyzer examinations conducted in the law enforcement environment are not sufficient to countervail the long line of case law holding that such scientific test results are admissible. Such evidence being admissible and the presumption acknowledged as valid, we cannot conclude that this legal presumption based upon evidence obtained by scientific method, which in turn is premised on scientific assumptions, constitutes the type of evidentiary deficiency condemned by this Court in *Hart v. State*, 152 Tex.Cr.R. 537, 215 S.W.2d 883; *Williamson v. State*, 156 Tex.Cr.R. 520, 244 S.W.2d 202; *Stallings v. State*, 158 Tex. Cr.R. 74, 252 S.W.2d 939; and *Emanus v. State*, Tex.Cr.App., 526 S.W.2d 806.

Appellant's second ground of error is overruled.

■ Appellant's third ground of error complains that the trial court erred in failing to apply the law of Article 6701*l*–5, Section 3(a), V.A.C.S., and V.T.C.A., Penal Code, Section 2.05 to the facts of this case. Counsel for the appellant acknowledges that no objection was made to the alleged omission, but that the omission constitutes

fundamental error and may be reviewed by this Court. Cf. *Romo v. State,* Tex.Cr.App., 568 S.W.2d 298; *Pitts v. State,* Tex.Cr.App., 569 S.W.2d 898. Appellant filed no special requested instruction, but suggests that the court should have submitted a charge of the following tenor:

"Now, if you believe from the evidence that a chemical analysis of the blood, breath, urine or other bodily substance of the Defendant, Jack Bryan Slagle, showed beyond a reasonable doubt that the blood of the Defendant contained .10 percent or more of alcohol by weight at the time of the act alleged, then you may presume that the Defendant was under the influence of intoxicating liquor, but you are not bound to make this presumption; but if you do not find that all of the facts showed such a percentage of alcohol in the blood of the Defendant, or if you have a reasonable doubt thereof, then you will acquit the Defendant and say by your verdict, 'Not Guilty.' "

The charge of the court applying the law to the facts of this cause reads:

"V.

"Now, if you believe from the evidence beyond a reasonable doubt that the Defendant, Jack Bryan Slagle, did on or about the 3rd day of November, A.D. 1974, while under the influence of intoxicating liquor, operate a motor vehicle upon a public road within the County of Travis, State of Texas, then you will find the Defendant guilty of the offense charged and so say by your verdict. But in no event can you convict the Defendant unless from the evidence in this case you find and believe beyond a reasonable doubt that he was under the influence of intoxicating liquor at the very time he is alleged to have driven an automobile upon a public road in the County of Travis and State of Texas, and if you have a reasonable doubt thereof you will acquit the Defendant and say by your verdict 'Not Guilty'."

Our determination of whether fundamental error exists in the court's charge must be based on the record as a whole. We note that the two immediately preceding paragraphs of the court's charge read:

"III.

"You are further instructed that if it is shown by chemical analysis of a person's blood, breath, urine or other bodily substance, that there was at the time of the act alleged 0.10 per cent or more by weight of alcohol in the person's blood, it shall be presumed that the person was under the influence of intoxicating liquor; however, such amount of alcohol in the blood of the person, if you find there was such amount of alcohol in the blood of the person, merely raises a legal presumption that such person was under the influence of intoxicating liquor, which presumption may be overcome by competent evidence showing that such person was not under the influence of intoxicating liquor.

IV.

You are charged that the facts giving rise to the presumption must be proven beyond a reasonable doubt.

You are charged that if such facts are proven beyond a reasonable doubt the jury may find that the element of the offense sought to be presumed exists, but it is not bound to so find.

You are further charged that if the jury has a reasonable doubt as to the existence of a fact or facts giving rise to the presumption, the element to which the presumption applies, or any other element of the offense charged, it shall acquit the defendant and say by its verdict not guilty."

It is our conclusion that the appellant's rights were adequately protected by the charge of the court as given and appellant has not been denied a fair and impartial trial. Appellant's third ground of error is overruled.

Appellant argues in his fourth ground of error that he was denied his right to due process and a fair trial when the

results of the breathalyzer examination were introduced without a showing that the test was scientifically reliable. The admissibility of the breathalyzer examination test has long been acknowledged, provided the proper predicate is established. See *Hill v. State,* supra; *French v. State,* supra; *Reyna v. State,* supra; *Palafox v. State,* supra; *Langford v. State,* Tex.Cr.App., 532 S.W.2d 91; *Cody v. State,* supra.

Article 6701*l*–5, Section 3(a) provides for the admissibility of breathalyzer test results. See Footnote 1, supra. As already stated above, the predicate provided in Article 6701*l*–5 for the admission of such evidence was satisfied. The State does not have to establish as part of its predicate that the breathalyzer examination is a scientifically reliable test before the results are introduced.

Appellant's fourth ground of error is overruled.

■ Appellant's final ground of error complains that the caption to the amendment of Article 6701*l*–5, Section 3(a), V.A. C.S., fails to provide the type of notice required under Article III, Section 35, of the Texas Constitution. Article III, Section 35, of the Texas Constitution provides:

"No bill, (except general appropriation bills, which may embrace the various subjects and accounts, for and on account of which moneys are appropriated) shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof, as shall not be so expressed."

The caption to House Bill 261 which amended Article 802f, Vernon's Texas Penal Code, the predecessor to Article 6701*l*–5, provided:

"An Act providing for the establishment of presumptive limits of blood alcohol in a person's blood, urine, breath, or other bodily substances in certain criminal proceedings; amending Sections 2 and 3, Chapter 434, Acts of the 61st Legislature, Regular Session, 1969 (Article 802f, Vernon's Texas Penal Code); and

declaring an emergency." Acts 1971, 62nd Leg., p. 2340, ch. 709, effective June 7, 1971.

The appellant erroneously cites the caption to Senate Bill No. 74 which was the original enactment of Article 802f, Vernon's Texas Penal Code, the predecessor to Article 6701*l*–5. It is noted that in the original enactment there was no presumption of intoxication based on a particular amount of alcohol detected by way of any of the scientific examinations specified. See Acts 1969, 61st Legislature, p. 1468, ch. 434, effective September 1, 1969.

As is readily apparent from a reading of the correct caption, the Legislature and the public were provided sufficient notice that the amendment was establishing a presumption of intoxication based on a specific amount of alcohol in an individual's blood. See *Castellano v. State,* Tex.Cr.App., 458 S.W.2d 73; *White v. State,* Tex.Cr.App., 440 S.W.2d 660; *Ex parte Jimenez,* 159 Tex. 183, 317 S.W.2d 189, 194 (1958).

Appellant's fifth ground of error being without merit, it is hereby overruled.

There being no reversible error, the judgment is affirmed.