**George Ray SHANNON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 04–89–00320–CR.

Court of Appeals of Texas,
San Antonio.

Oct. 10, 1990.

Ray Taylor, Phillip R. Spicer, Jr., Taylor & Spicer, San Antonio, for appellant.

Fred G. Rodriguez, Russell Mitchell, Patricia Hancock, Laura M. Hubert, Crim. Dist. Attys. Office, San Antonio, for appellee.

Before BUTTS, REEVES and PEEPLES, JJ.

## ON APPELLANT'S MOTION FOR REHEARING

PEEPLES, Justice.

Appellant's motion for rehearing is denied. Our opinion of August 29, 1990 is withdrawn and this opinion is substituted.

A jury convicted appellant of driving while intoxicated, and the court assessed punishment at 45 days' confinement, probated for two years, and a $400.00 fine. Appellant raises eleven points of error, contending that (1) the court erred in failing to suppress evidence of a bottle of Jim Beam whiskey found in his car; (2) article 6701*l*–5, § 3(a) and (b), and the Texas Breath Alcohol Testing Regulations are unconstitutional; and (3) the court erred in admitting evidence of the results of the intoxilyzer test performed on him because that test is not scientifically reliable. We affirm.

Appellant was stopped by a police officer who had witnessed him make a U-turn at an unsafe speed, and had seen his car straddle the lane dividers three times. The officer testified that appellant stumbled as he got out of the car, he smelled a strong odor of alcohol on appellant's breath, appellant's speech was slurred, and his balance was unsteady. The officer had no doubt that appellant was intoxicated and arrested him for driving while intoxicated. Two passengers in appellant's car were told that they were free to go. Appellant authorized one of the passengers to drive his car home, but the officer would not allow it. He testified that it was the policy of the Leon Valley Police Department to impound the vehicles of persons arrested for DWI for safekeeping. The car was searched at the scene, and a 1.75 liter bottle of Jim Beam whiskey was found in the passenger compartment. Appellant moved to suppress evidence of the bottle, but that motion was denied and the bottle was introduced into evidence.

A second police officer testified that he was a certified breath test operator, that he performed a breath test on appellant using a certified model 4011 ASA intoxilyzer, and that the machine performed properly. The results of that test showed that appellant had an alcohol concentration of 0.18%. The breath test technical supervisor for Bexar County testified that the model intoxilyzer and the particular machine upon which appellant was tested were approved and certified by the Department of Public Safety. He further testified that the intoxilyzer operated on generally accepted scientific principles, and that it was regarded as accurate by the scientific community. He had personally participated in a study comparing the accuracy of the intoxilyzer with other methods of measuring alcohol concentration, including a blood test, and had found the intoxilyzer to be comparable to those other methods.

Appellant produced expert testimony from two witnesses who stated that the particular model intoxilyzer at issue was unreliable and did not produce accurate results. One of these witnesses stated that the instrument works on an erroneous assumption regarding the ratio of alcohol in the blood to alcohol in the breath, and that the test is not reliable because its results cannot be duplicated. He concluded that the intoxilyzer is not accepted by the specific scientific community of which he is a member, that being scientists engaged in education and research. This witness, though an expert on the analysis and identification of chemical substances, had no training or practical experience with the intoxilyzer.

## I. MOTION TO SUPPRESS

■ In points of error one and two, appellant contends that the court erred in failing to suppress evidence of the bottle of Jim Beam and in holding that the inventory search was justified because it was made in good faith. While there was considerable discussion at trial and in the briefs on appeal relating to the propriety of the search as an inventory following impoundment of the vehicle, we note that the State also urged, both at trial and on appeal, that the search was proper as incident to the lawful arrest of appellant for DWI. It is well-settled that "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." *New York v. Belton*, 453

U.S. 454, 460, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981); *accord, Osban v. State,* 726 S.W.2d 107, 111 (Tex.Crim.App.1986). The officer in the present case had made a lawful custodial arrest of appellant, who had recently occupied the automobile. The search that uncovered the bottle took place at the scene as a contemporaneous incident of that arrest. Finally, it was undisputed that the bottle was found in the passenger compartment of the car. The search was valid as a lawful search incident to arrest.

■■■ Appellant contends on rehearing that we "incorrectly characterized the inventory as a search incident to the arrest, which significantly and impermissibly changes the facts of the case." He then argues that the officer who arrested him testified only in terms of an inventory search. As previously noted, the state argued at trial that the search was permissible both as an inventory and as a search incident to arrest. Even if it had not done so, we would sustain the search on the alternate ground of search incident to arrest. "The State does not have the burden of listing or verbalizing in the trial court every possible basis for holding a search legal or else waive that basis for urging on appeal the validity of the search." *Lewis v. State,* 664 S.W.2d 345, 347 (Tex.Crim. App.1984); *accord, Sullivan v. State,* 564 S.W.2d 698, 704 (Tex.Crim.App.1978) (on rehearing). If the decision of the trial court is correct on any theory of law which finds support in the evidence, then the mere fact that the court may have given the wrong reason for its decision will not require a reversal. *See Calloway v. State,* 743 S.W.2d 645, 651–52 (Tex.Crim.App. 1988).

The evidence in the present case supports the court's ruling on the motion to suppress on the theory of search incident to arrest. Because the court properly denied the motion to suppress on this basis, we need not also determine whether there was a valid inventory search following a lawful impoundment. Points of error one and two are overruled.

## II. CONSTITUTIONAL CHALLENGES

■■ In points of error three through eight, appellant challenges the constitutionality of TEX.REV.CIV.STAT.ANN. art. 6701*l*–5, § 3(a) and (b), and the Texas Breath Alcohol Testing Regulations. In reviewing the constitutionality of a statute, we must presume that the statute is valid and that the legislature did not act unreasonably or arbitrarily in enacting it. *Ex parte Granviel,* 561 S.W.2d 503, 511 (Tex. Crim.App.1978). The burden rests on the party challenging the statute to establish its unconstitutionality. *Id.* If the statute is capable of two constructions, one of which sustains its validity, we must give it the interpretation that sustains its validity. *Id.* The burden is thus on appellant to establish that the only possible construction of the statute and regulations renders them unconstitutional. We note that each of the exact constitutional challenges raised by appellant was recently presented to, and rejected by, the First Court of Appeals. *See State v. Muller,* 798 S.W.2d 315 (Tex.App.—Houston 1990, no pet.) (on rehearing).

### A. Separation of powers.

■■■ In points of error three and four, appellant contends that the statute and regulations are unconstitutional because they are in violation of the separation of powers clause. He urges that only the legislature has the power to establish or change laws concerning the rules of evidence, but that article 6701*l*–5, § 3(a) and (b) purport to confer this power on the Department of Public Safety (DPS), which is part of the executive branch. Clearly "the power to adopt or amend rules of evidence belongs to the legislature." *State v. Muller,* at 319. The Court of Criminal Appeals, however, has upheld the right of the legislature to delegate rule-making authority to the DPS. *Id.,* citing *Langford v. State,* 532 S.W.2d 91, 95 (Tex.Crim.App. 1976).

The only authority that the legislature delegated to the DPS in article 67011–5,

was to prescribe the rules for certification of breath testing equipment and individuals operating the equipment. The legislature did not delegate any authority to DPS, nor has DPS assumed any, to promulgate rules of evidence.

*State v. Muller,* at 319. Because there was no improper delegation of power, the statute and regulations do not violate the separation of powers doctrine. Points of error three and four are overruled.

*B. Due process—notice, vagueness, and discretion.*

■ In points of error five and six, appellant contends that the statute is unconstitutional because the DPS regulations enacted thereunder are vague and do not give reasonable notice of their terms.

> Due process requirements of specificity in a criminal statute are based on the need for adequate notice of what behavior is prohibited. The Constitution does not require impossible standards; all that is required is that the language conveys a sufficient warning as to the proscribed conduct when measured by common understanding and practices.

*Reeves v. State,* 566 S.W.2d 630, 632 (Tex. Crim.App.1978). Appellant was charged with driving while intoxicated under TEX. REV.CIV.STAT.ANN. art. 6701*l*–1 (Vernon Supp.1990). He does not assert that that statute did not give him notice of what conduct was prohibited. Instead, he challenges the statute delegating authority to the DPS to issue rules governing breath testing, and asserts that the statute and the regulations do not provide adequate notice of what type of test is authorized, or what type of analysis a citizen is subject to. The challenged statute and regulations, however, are not penal statutes and do not define an offense. *State v. Muller,* at 320. Not being penal statutes, they do not need to include fair notice of proscribed behavior. *Id.; see Langford v. State,* 532 S.W.2d

at 94. Points of error five and six are overruled.

■ In point of error seven, appellant asserts that the statute is unconstitutional because it vests improper discretion in the scientific director of the DPS. When faced with the same challenge, the court in *Muller* stated

> [t]he only authority the statute delegates to the DPS is to prescribe the appropriate rules for breath analysis, certification of the equipment, and those operating it. [Citations omitted.] In *Ex parte Granviel,* the Court of Criminal Appeals held that it was not an unconstitutional delegation of authority to the director of the Texas Department of Corrections to prescribe the appropriate chemical to be used when giving lethal injections. 561 S.W.2d at 513. The court rejected the argument that the delegation of authority was unconstitutional just because the director *could* choose an arbitrary means of enforcement. *Id.* The courts will not presume that the scientific director of the DPS will act in an arbitrary manner without evidence.

*Muller v. State,* at 320. There is no evidence in the present case that the scientific director acted in an arbitrary manner in prescribing the challenged rules. Point of error seven is overruled.

*C. Due process—accuracy and reliability.*

■ In point of error eight, appellant contends that the statute and the regulations are unconstitutional because they fail to insure the accuracy or reliability of intoxilyzer evidence. He urges specifically that they fail to require that the instrument utilized to determine a defendant's alcohol concentration be scientifically appropriate and reliable to perform analysis on a *human* breath specimen. In addition to section 19.1(b)(3)[1] of the Breath Alcohol Testing Regulations, upon which appellant

---

**1.** Section 19.1(b)(3) states:

The instrument shall analyze a reference sample, such as headspace gas from a mixture of

water and a known weight of alcohol held at a constant temperature, the result of which must agree with the reference sample predict-

relies in his brief, section 19.1 clearly provides

(b) In order to be certified each brand and/or model of breath testing instrument must meet the following criteria:

\* \* \* \* \* \*

(4) The specificity of the procedure shall be adequate and *appropriate for the analyses of breath specimens for the determination of alcohol concentration* in traffic law enforcement.

(5) Any other tests deemed necessary by the Scientific Director to *correctly and adequately evaluate the instrument to give correct results in routine breath alcohol testing* and be practical and reliable for traffic law enforcement purposes.

(emphasis added); *see State v. Muller*, at 320. We hold that the regulations adequately provide that the methods to be used must ensure that the test is accurate and appropriate for analyzing human breath. *Id.* "Breath" obviously refers to human breath. The statute that defines the offense speaks in terms of a "person's" breath. *See* TEX.REV.CIV.STAT.ANN. art. 6701*l*–5, § 3 (Vernon Supp.1990). The statute and the regulations do not fail to ensure the accuracy or reliability of the test on human defendants, and do not violate due process. Point of error eight is overruled.

### III. ADMISSIBILITY OF INTOXILYZER RESULTS

█ In points of error nine, ten, and eleven, appellant asserts that the court erred, and violated his due process rights, in admitting the results of intoxilyzer model 4011–ASA because the scientific theory upon which it is based is not accepted in the scientific community as an accurate means of measuring human alcohol concentration. The predicate required for admissibility of the results of an intoxilyzer test is to show

ed value within +/− 0.01g/210L, or such

[1] the existence of periodic supervision over the machine and operation by one who understands scientific theory of the machine; and [2] proof of the result of the test by a witness or witnesses qualified to translate and interpret such result so as to eliminate hearsay.

*Harrell v. State*, 725 S.W.2d 208, 209 (Tex. Crim.App.1986). There is no dispute that both prongs of this predicate were fulfilled by the testimony of the certified operator and the breath test technical supervisor for Bexar County. Appellant does not attack the operation or maintenance of the particular instrument used to test his breath, but attacks the use of any instrument of this model on the basis of its scientific reliability.

In *Slagle v. State*, 570 S.W.2d 916 (Tex. Crim.App.1978), the defendant urged that "he was denied his right to due process and a fair trial when the results of the breathalyzer examination were introduced without a showing that the test was scientifically reliable." *Id.* at 920–21. The court of criminal appeals, in rejecting this claim, stated that the admissibility of the breathalyzer had long been acknowledged, and that because article 6701*l*–5, § 3(a) provided for the admissibility of breathalyzer test results, "[t]he State does not have to establish as part of its predicate that the breathalyzer examination is a scientifically reliable test before the results are introduced." *Id.* at 921. We note that the present case involves use of an intoxilyzer rather than a breathalyzer, and we acknowledge the difference between the two. Even so, the reasoning of the court in *Slagle* applies to the present case. Article 6701*l*–5, § 3 provides for the admissibility of intoxilyzer results, just as it does for the admissibility of breathalyzer results, so long as the test is performed according to rules of the Texas Department of Public Safety. *See* TEX.REV.CIV.STAT.ANN. art. 6701*l*–5, § 3(a), (b) (Vernon Supp.1990); *Gandara v. State*, 661 S.W.2d 749, 751 (Tex.App.—El Paso 1983, pet. ref'd). We

limits as set by the Scientific Director.

have held above that this statute is constitutional, and we have also held that the proper predicate was laid for admission of the test results in issue. The State was not required to prove as a part of that predicate that the intoxilyzer is a scientifically reliable test. *See Slagle v. State*, 570 S.W.2d at 921.

Further, the admissibility of the intoxilyzer results did not rest solely on the inclusion of intoxilyzer testing within the scope of article 6701*l*–5, § 3, but was also supported by the testimony of the breath test technical supervisor for Bexar County. *See Gandara v. State*, 661 S.W.2d at 751 (admissibility supported by testimony of technical supervisor). After setting forth his experience and qualifications, and describing how the intoxilyzer functions, this witness testified that the intoxilyzer operated on generally accepted scientific principles and that it was regarded as accurate by the scientific community. "Such evidence of reliability from an expert in the field supports the admissibility of scientific test results independently of the legislative endorsement." *Id.*

Appellant asserts that the jury could not have given credence to the intoxilyzer results because the testimony of his experts, attacking the reliability of the instrument, created a reasonable doubt as a matter of law. But the trier of fact is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Bowden v. State*, 628 S.W.2d 782, 784 (Tex.Crim.App.1982); *Vanderbilt v. State*, 629 S.W.2d 709, 716 (Tex.Crim.App.1981), *cert. denied*, 456 U.S. 910, 102 S.Ct. 1760, 72 L.Ed.2d 169 (1982); *Penagraph v. State*, 623 S.W.2d 341, 343 (Tex.Crim.App.1981). It is free to accept or reject all or any part of the testimony of any witness. *Penagraph v. State*, 623 S.W.2d at 343; *Limuel v. State*, 568 S.W.2d 309, 311 (Tex.Crim. App.1978); *Thompson v. State*, 521 S.W.2d 621, 624 (Tex.Crim.App.1974). The jury was entitled to discount the testimony of appellant's experts and accept the State's evidence that the intoxilyzer is reliable and scientifically accepted.

Finally, insofar as appellant attacks the sufficiency of the evidence to support his conviction, we note that the evidence is sufficient even if we were to disregard the results of the intoxilyzer test. The complaint and information under which appellant was charged alleged both that he had an alcohol concentration of 0.10 or more in his body, and that he did not have the normal use of his mental and physical faculties by reason of the introduction of alcohol into his body. The jury returned a general verdict, stating only that appellant was guilty. The arresting officer testified that appellant's balance was unsteady, his speech was slurred, and there was a strong odor of alcohol on his breath. The officer testified that he had no doubt that at the time of the arrest appellant had lost the normal use of his mental and physical faculties, and that he was intoxicated. This testimony alone was sufficient to support the conviction under the second paragraph of the complaint and information. *See Annis v. State*, 578 S.W.2d 406, 407 (Tex. Crim.App.1979). Points of error nine, ten, and eleven are overruled.

The judgment is affirmed.