**Robert Lee STEVENSON**

v.

**The STATE of Texas, Appellee.**

**No. 017–94.**

Court of Criminal Appeals of Texas, En Banc.

March 8, 1995.

John H. Hagler (on appeal only), Dallas, for appellant.

John Vance, Dist. Atty. & Lori L. Ordiway, Colleen Sullivan & Charlie Allan, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for State.

### OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

MEYERS, Judge.

A jury convicted Appellant of driving while intoxicated. The court assessed punishment at confinement for sixty days, probated for two years, and the court imposed a $250 fine. The Court of Appeals affirmed. *Stevenson v. State*, No. 05–92–1059–CR, 1993 WL 407284 (Tex.App.—Dallas, delivered October 14, 1993). We granted Appellant's petition for discretionary review to determine whether the Court of Appeals erred in holding the intoxilyzer test results were admissible under Article 6701*l*–5, § 3, V.A.C.S., without regard to whether the test results were hearsay.

Officer Champon was a technical supervisor whose duties included maintaining and calibrating the intoxilyzers, preparing the solutions used in the intoxilyzers, providing expert testimony, and serving as a custodian of the reports generated by the intoxilyzers. Champon testified that police officer Drake was certified by the Texas Department of Public Safety to administer intoxilyzer tests and that the intoxilyzer used to test Appel-

lant was certified, maintenance checks were performed on the intoxilyzer several weeks before and several days after Appellant's breath test, and the intoxilyzer required no maintenance on either occasion. Champon testified that the intoxilyzer was operating properly when Appellant was tested and that police officer Drake administered the intoxilyzer tests on Appellant. Drake did not testify. The trial court overruled Appellant's hearsay objection to Appellant's intoxilyzer test record, State's exhibit number three, that was printed out by the intoxilyzer. The court observed that it was a business record. Champon testified from State's exhibit number three that Appellant's intoxilyzer tests showed he had alcohol concentrations of 0.134 and 0.123 grams of alcohol per 210 liters of breath.

On appeal Appellant contended the test results were hearsay, not subject to the business records exception of Tex.R.Crim.Evid. 803(6),[1] relying on *Cole v. State*, 839 S.W.2d 798 (Tex.Cr.App.1990). The Court of Appeals did not reach Appellant's argument under *Cole* and Rule 803(6) because the court held the record of the test results was admissible under Article 6701*l*–5, § 3, V.A.C.S.[2] The Court of Appeals held that the Texas Legislature enacted Art. 6701*l*–5, § 3, as a specific statute governing the admissibility of intoxilyzer test results. According to the

Court of Appeals, Art. 6701*l*–5, § 3, sets out the necessary predicate for admission of intoxilyzer results, citing *Gifford v. State*, 793 S.W.2d 48, 49 (Tex.App.—Dallas 1990), pet. dism'd as improvidently granted, 810 S.W.2d 225 (Tex.Cr.App.1991). The court observed that for intoxilyzer results to be admissible under the statute, the State must show: (1) the machine functioned properly on the day of the test as evidenced by the running of a reference sample through the machine; (2) the existence of periodic supervision over the machine and operation by one who understands the scientific theory of the machine; and (3) proof of the results of the test by a witness or witnesses qualified to translate and interpret the results so as to eliminate hearsay. As support for this three-part test the court relied on *Harrell v. State*, 725 S.W.2d 208, 209–10 (Tex.Cr.App.1986), and *May v. State*, 784 S.W.2d 494, 498 (Tex. App.—Dallas 1990, pet. ref'd). The court then reviewed the evidence at trial and determined the State laid a sufficient predicate for the admission of Appellant's intoxilyzer test printout under the statute.

Appellant argues that Art. 6701*l*–5, § 3, simply provides that intoxilyzer results are admissible if the proper predicate is laid and that the statute does not dispense with the rules of evidence. Appellant contends the

1. Appellant actually cites Rule 803(8) as being the business records exception to the hearsay rule, as does the State and the court of appeals below. A quick reading of the rules of evidence make it clear that 803(6) is the business records exception, not 803(8). Rather Rule 803(8) is the "public records exception." However, in their analysis it is clear that the parties refer to the business records exception, and merely misnumber the rule. For clarity we therefore cite to 803(6) when discussing the business records exception, regardless of how the parties referred to it in their briefs.

2. Article 6701*l*–5, § 3, prior to its amendment effective September 1, 1994, provided in pertinent part:

(a) Upon the trial of any criminal action or proceeding arising out of an offense under Subdivision (2), Subsection (a), Section 19.05, Penal Code, or an offense under Article 6701*l*–1, Revised Statutes, evidence of the alcohol concentration or presence of a controlled substance or drug as shown by analysis of a specimen of the person's blood, breath, urine, or

any other bodily substances taken at the request or order of a peace officer, shall be admissible.

(b) Analysis of a specimen of the person's breath, to be considered valid under the provisions of this section, must be performed according to rules of the Texas Department of Public Safety and by an individual possessing a valid certificate issued by the Texas Department of Public Safety for this purpose. The Texas Department of Public Safety is authorized to establish rules approving satisfactory techniques or methods, to ascertain the qualifications and competence of individuals to conduct such analysis, and to issue certificates certifying such fact. These certificates shall be subject to termination or revocation, for cause, at the discretion of the Texas Department of Public Safety.

(c) ... Breath specimens taken at the request or order of a peace officer must be taken and analysis made under such conditions as may be prescribed by the Texas Department of Public Safety, and by such persons as the Texas Department of Public Safety has certified to be qualified.

statute does not provide for the admission of hearsay testimony to prove the test results, citing *May*. Appellant asserts the record of the test results constituted hearsay under Rule 802 and was not admissible as a business record under *Cole*. Appellant also maintains under the third prong of the *Harrell* test that proof of the test results cannot be established by hearsay. Appellant claims that because the officer who administered the intoxilyzer test did not testify, the only evidence of the test results was the test record, which was hearsay. Appellant concludes that Art. 6701*l*–5, § 3, did not dispense with the hearsay rule.

The State agrees with the Court of Appeals' holding and refers to another court's holding, that the statute provides for the admissibility of intoxilyzer results, in *Shannon v. State*, 800 S.W.2d 896, 901 (Tex. App.—San Antonio 1990, pet. ref'd). The State points out that in *Harrell* this Court noted that the supervisor of the intoxilyzer who had not administered the intoxilyzer test was a proper person to satisfy the last two prongs of the test for admission under Art. 6701*l*–5, § 3. *Harrell*, 725 S.W.2d at 210. The State urges that Rule 803(6) should not override the clear and unambiguous legislative provision of Art. 6701*l*–5, § 3.

We agree with Appellant that Art. 6701*l*–5, § 3, does not provide for blanket admissibility of evidence of breath test results in cases of driving while intoxicated regardless of the form in which the evidence is presented. *Cf. Allridge v. State*, 762 S.W.2d 146, 153–54 (Tex.Crim.App.1988) (holding in capital murder prosecution that Tex. Penal Code § 19.06, which calls for admission of testimony of "relevant facts and circumstances surrounding the killing and previous relationship existing between the accused and deceased . . ." did not extend the rules of evidence to admit otherwise inadmissible hearsay); *accord Love v. State*, 581 S.W.2d 679 (Tex.

Crim.App.1979). The statute recognizes the scientific reliability of breath tests when performed in accordance with section 3(b), (c). *Cf. Slagle v. State*, 570 S.W.2d 916, 920–21 (Tex.Cr.App. [Panel Op.] 1978) (Because Art. 6701*l*–5, § 3, provides for the admissibility of breath test results, the State does not need to establish as part of its predicate that the breath test examination is a scientifically reliable test before the results are introduced as long as the predicate provided for in Art. 6701*l*–5 is satisfied).[3]

The State argues that *Harrell* authorizes an intoxilyzer supervisor who did not administer the intoxilyzer test to testify about the last two prongs of the predicate discussed in *Harrell*, but this does not resolve the issue of whether Art. 6701*l*–5, § 3, dispensed with the hearsay rule. In *Harrell* this Court recited the predicate for admissibility of a breath test, including "proof of the result of the test by a witness or witnesses qualified to translate and interpret such result so as to eliminate hearsay." *Harrell*, 725 S.W.2d at 209. This predicate requirement originated in *Hill*, wherein this Court required "[p]roof by a witness who was qualified to calculate and translate the reading of the machine into the percentage of alcohol in the blood; that is, one who could eliminate the hearsay evidence mentioned earlier." *Hill*, Tex.Crim. 313, 256 S.W.2d at 96. The hearsay evidence previously mentioned in *Hill* concerned a chart used by the operator of the breath testing machine to translate the number generated by the machine into a percentage of alcohol in the blood. The operator did not understand the formula which was to be used in making the calculation, and he relied on a chart which came with the machine. This Court found that the chart was hearsay. From *Hill* through *Harrell* this Court has recognized that the rule against hearsay could render breath test evidence inadmissible.

3. For example, this Court has observed:
   It should be noted that the statute [Art. 6701*l*–5] actually did no more than codify existing case law that had developed on the issue of the admissibility of breathalyzer evidence. See 7 Houston L.R. 508 (1970). The use of breath testing evidence to prove intoxication was first approved by this Court in the case of

*McKay v. State*, 155 Tex.Cr.R. 416, 235 S.W.2d 173 (1950) and it continues to be admissible evidence provided the proper predicate is shown. See also *Hill v. State*, 158 Tex.Cr.R. 313, 256 S.W.2d 93 (1953).
*Langford v. State*, 532 S.W.2d 91, 95 (Tex.Crim.App. 1976).

Because Art. 6701*l*–5, § 3, codified existing case law, and this Court has consistently recognized that the rule against hearsay could render breath test evidence inadmissible, the statute does not abrogate the hearsay rule. The Court of Appeals must determine whether the complained of evidence was objectionable as hearsay. The Court of Appeals' judgment is vacated, and this case is remanded to that court for further consideration consistent with this opinion.

WHITE, J., dissents.

McCORMICK, Presiding Judge, dissenting.

I must dissent to the majority opinion because it is erroneous in several respects.

First, the majority strains logic to conclude that Article 6701*l*–5, Section 3, V.A.C.S., "does not abrogate the hearsay rule." Article 6701*l*–5, Section 3 is clear and unambiguous that evidence of alcohol concentration is admissible and specifies the predicate for its admissibility. The Court of Appeals correctly held that a proper predicate had been laid for the admission of the intoxilyzer printout. Any rule of evidence must give way to the statute.

Second, I fail to perceive, and the majority fails to state, why the printout qualifies as hearsay—it certainly doesn't meet the definition of hearsay.

Since the Court of Appeals' opinion was unpublished, I quote extensively therefrom as relates to this ground of review:

"Office Flynn arrested appellant for driving while intoxicated and transported him to Lew Sterrett Jail. While enroute to Lew Sterrett, appellant told Officer Flynn that he (Flynn) was about to ruin appellant's life, he was going through a divorce, he was a truck driver, and a DWI would not look good on his record.

"Upon arrival at Lew Sterrett, appellant was placed in a room where he could be videotaped and an intoxilyzer test could be administered. The video tape was admitted into evidence and played before the jury. [footnote omitted] Testimony in the statement of facts indicates that the videotape showed that appellant swayed slightly, that he staggered slightly, and that he made an error when counting backwards. Officer Flynn testified that appellant's behavior in the videotape was similar to appellant's behavior when he was initially stopped. Officer Flynn also testified it was his opinion that appellant was still intoxicated when he was videotaped.

"Officer Champon testified regarding the results of the two intoxilyzer tests given to appellant. Officer Champon is a senior corporal, technical supervisor. His duties as technical supervisor include maintaining and calibrating the breath test instruments, preparing the alcohol solutions; used by the intoxilyzer instruments, providing expert testimony, and serving as a custodian of the reports generated by the intoxilyzer instruments. Officer Champon has bachelor's degrees in chemistry and forensic science and sixteen hours of graduate work in biochemistry, medical physiology, and pharmacology. He has attended courses on the maintenance and use of the intoxilyzer equipment in issue. He is certified by the Texas Department of Public Safety as a breath test operator and as a technical supervisor. He was certified as a supervisor of the intoxilyzer equipment used on appellant at the time he was tested.

"Officer Champon testified that Officer Drake administered the intoxilyzer tests on appellant. Officer Drake was certified by the Texas Department of Public Safety to administer intoxilyzer tests. Officer Drake, who had retired since administering the tests on appellant did not testify at trial.

"Officer Champon is the supervisor of the intoxilyzer used to test appellant and testified extensively regarding its maintenance and operation. The model of intoxilyzer used by appellant was certified and approved by the scientific director of the Texas Department of Public Safety. The specific intoxilyzer used was certified by the Texas Department of Public Safety. Officer Champon testified that maintenance checks were performed on the intoxilyzer in question on November 30, 1990, and December 24, 1990. Each check indi-

cated that the instrument was operating properly. The intoxilyzer did not require any maintenance between November 30, 1990, and December 24, 1990. The intoxilyzer also undergoes an extensive, self-administered "circuit check" each time it performs a test. [footnote omitted] Based upon appellant's intoxilyzer test record and the maintenance records of the intoxilyzer in question, Officer Champon testified it was his opinion that the intoxilyzer was operating properly at the time appellant was tested.

"The computer printout of appellant's intoxilyzer tests was admitted into evidence. Appellant's test results showed that he had alcohol concentrations of 0.134 and 0.123 grams of alcohol per 210 liters of breath. Officer Champon testified that the legal limit for blood alcohol concentration in Texas is 0.10 grams of alcohol per 210 liters of breath. Officer Champon testified that a person registering alcohol concentrations of 0.123 or 0.134 grams per 210 liters of breath would not have the normal use of his mental or physical faculties.

\* \* \* \* \* \*

"In his second point of error, appellant asserts that the trial court erred in admitting the intoxilyzer test results into evidence because the results were hearsay and not admissible as business records under Texas Rule of Criminal Evidence 803(8). [footnote omitted] Appellant relies upon the Texas Court of Criminal Appeals decision in *Cole v. State* to support his position. *See Cole v. State*, 839 S.W.2d 798 (Tex.Crim.App.1992) (reports generated by law enforcement personnel not admissible as business records under Texas Rule of Criminal Evidence 803(8)(B)). The legislature has enacted a specific statute governing the admissible of intoxilyzer test results. The results in question were admissible under the statute. Therefore, we do not reach appellant's argument based on Texas Rule of Criminal Evidence 803(8). *See* Tex.Gov't Code § 311.026 (Vernon 1988) (specific statutory enactment controls general enactment).

"Texas Revised Civil Statute art. 6701*l*-5, § 3 provides as follows:

" '(a) Upon the trial of any criminal action or proceeding arising out of an offense under Subdivision (2), Subsection (a), Section 19.05, Penal Code, or an offense under Article 6701*l*-1, Revised Statutes, evidence of the alcohol concentration or presence of a controlled substance or drug as shown by analysis of a specimen or the person's blood, breath, urine, or any other bodily substances taken at the request or order of a peace officer, shall be admissible.

" '(b) Analysis of a specimen of the person's breath, to be considered valid under the provisions of this section, must be performed according to rules of the Texas Department of Public Safety and by an individual possessing a valid certificate issued by the Texas Department of Public Safety for this purpose. The Texas Department of Public Safety is authorized to establish rules approving satisfactory techniques or methods, to ascertain the qualifications and competence of individuals to conduct such analysis, and to issue certificates certifying such fact. These certificates shall be subject to termination or revocation, for cause, at the discretion of the Texas Department of Public Safety.

" '(c) ... Breath specimens taken at the request or order of a peace officer must be taken and analysis made under such conditions as may be prescribed by the Texas Department of Public Safety, and by such persons as the Texas Department of Public Safety has certified to be qualified.'

"Tex.Rev.Civ.Stat.Ann. art. 6701*l*-5, § 3(a)–(c) (Vernon Supp.1993). This statute sets forth the necessary predicate for admission of intoxilyzer test results. *See Gifford v. State*, 793 S.W.2d 48, 49 (Tex. App.—Dallas 1990), *pet. dism'd, improvidently granted*, 810 S.W.2d 225 (Tex.Crim. App.1991). For intoxilyzer results to be admissible under Texas Revised Civil Statute art. 6701*l*-5, § 3, the State must show that: (1) the machine functioned properly on the day of the test as evidence by the running of a reference sample through the machine; (2) the existence of periodic supervision over the machine and operation by one who understands the scientific theory of the machine; and (3) proof of the

results of the test by a witness or witnesses qualified to translate and interpret such results so as to eliminate hearsay. *See Harrell v. State,* 725 S.W.2d 208, 209–10 (Tex.Crim.App.1986); *May v. State,* 784 S.W.2d 494, 498 (Tex.App.—Dallas 1990, pet. ref'd).

"Officer Champon testified that the reference samples were properly run and that the machine was operating properly when appellant was tested. This satisfies the first element of the predicate.

"Officer Drake, the person who administered appellant's intoxilyzer test, was certified by the Texas Department of Public Safety. To be certified, Officer Drake had to demonstrate an understanding of the operational principles of the equipment he used. *See* 37 Tex.Admin.Code § 19.4(a)(1), (a)(2)(A) (West Supp.1992–93) (Texas Department of Public Safety, Breach Alcohol Testing Regulations). Thus, the second element of the predicate was established.

"Officer Champon had extensive training in the operation of the intoxilyzer and interpretation of its printout. His knowledge, experience, and training qualified him to render expert testimony interpreting the intoxilyzer test results. While he was not formally recognized as an expert, the State and appellant freely asked for his opinions and for answers to hypothetical technical questions. At trial, appellant did not object to Officer Champon's qualifications to provide expert testimony interpreting the intoxilyzer test results; thus, appellant waived any objection or error to the testimony. *See* Tex.R.App.Proc. 52(a). The third element of the predicate was satisfied.

"We conclude that the State laid a sufficient predicate for the admission of appellant's intoxilyzer test printout under Texas Revised Civil Statute art. 6701*l*–5, § 3. . . ."

I believe the Court of Appeals was correct in every respect.

I further disagree that the complained of testimony falls within the ambit of hearsay. Hearsay is an out of court *statement* offered in court to prove the truth of the matters asserted. See Rule 801(d), Texas Rules of Criminal Evidence. If evidence is hearsay it is generally inadmissible, but there are numerous exceptions we have recognized because the facts and circumstances surrounding the making of the statement are such as to give it credence or credibility and tend to overrule the probability of fabrication.

Officer Champon's testimony as technical supervisor showed that the instrument was properly maintained and would not perform a test if it were not functioning properly. The printout was the data upon which an opinion could be based. It was a scientific measurement, not a statement, and was not subject to any of the evils which the hearsay rule seeks to prevent nor was it a "statement" under Rule 801(a).

For these reasons I respectfully dissent.

KELLER, J., joins this dissent.

MANSFIELD, Judge, dissenting.

Appellant was convicted by a jury of driving while intoxicated. Punishment of sixty days' confinement, probated for two years, plus a fine of $250 was assessed by the court. The court of appeals affirmed the conviction. *Stevenson v. State,* No. 05–92–1059CR, 1993 WL 407284 (unpublished) (Tex.App.—Dallas 1993). We granted appellant's petition for discretionary review to determine whether the court of appeals erred in holding the intoxilyzer test results were admissible under Texas Revised Civil Statutes Article 6701(*l* )–5, § 3(a) [1]. Appellant contends the intoxilyzer results were inadmissible hearsay regardless of the statute.

Officer Drake, who administered the intoxilyzer test to appellant, did not testify at trial. Officer Champon, a technical supervisor whose duties included maintaining and calibrating intoxilyzers (including the one

---

1. Upon the trial of any criminal action or proceeding arising out of an offense involving the operation of a motor vehicle or watercraft under Chapter 49, Penal Code, evidence of the alcohol concentration or presence of a controlled substance, drug, or other substance as shown by analysis of a specimen of the person's blood, breath, urine, or any bodily substances taken at the request or order of a peace officer, shall be admissible.

used to test appellant), did testify. Officer Champon testified:

1. the intoxilyzer was operating properly when appellant was tested, and it was certified by the Texas Department of Public Safety;

2. Officer Drake was certified by the Texas Department of Public Safety to administer intoxilyzer tests;

3. maintenance tests were performed on the intoxilyzer used to test appellant several weeks before and several days after appellant's breath test and no maintenance was required on either occasion; and

4. Officer Drake administered the intoxilyzer tests to appellant.

Officer Champon also testified that State's exhibit three, the intoxilyzer printout, showed appellant had alcohol concentrations of 0.134 and 0.123 grams of alcohol per 210 liters of breath. The trial court overruled appellant's hearsay objection to appellant's intoxilyzer test record, holding that it was a business record.

On appeal, appellant contended the test results were hearsay, not subject to the public records exception under Tex.R.Crim.Evid. 803(8) or the business records exception under Tex.R.Crim.Evid. 803(6), and cited *Cole v. State*, 839 S.W.2d 798 (Tex.Cr.App.1992) for authority. The court of appeals did not address appellant's hearsay-based argument, holding the test results record was admissible under Article 6701(*l*)–5, § 3, Texas Revised Civil Statutes.

The court of appeals reached the correct result, in my opinion. The Texas Legislature established, by statute, standards that must be met before intoxilyzer test results may be admitted as evidence at trial.

Analysis of a specimen of the person's breath, to be considered valid under the provisions of this section, must be performed according to rules of the Texas Department of Public Safety and by an individual possessing a valid certificate issued by the Texas Department of Public Safety for this purpose.

Article 6701(*l*)–5, § 3(b), Texas Revised Civil Statutes.

Testimony at trial established that (1) the intoxilyzer was functioning properly on the day of the test, (2) the machine was properly and periodically maintained and tested by an individual qualified to do so, and (3) the individual who testified as to the results of the tests (Officer Champon) was qualified to do so. By meeting this three-part test the State laid a sufficient predicate for the admission of appellant's intoxilyzer test printouts under the statute. See *Gifford v. State*, 793 S.W.2d 48 (Tex.App.—Dallas 1990), pet. dismissed 810 S.W.2d 225 (Tex.Cr.App.1991); *Harrell v. State*, 725 S.W.2d 208 (Tex.Cr.App.1986).

With respect to appellant's hearsay argument, it has no merit in this case, though this is not to say that the statute totally abrogates the hearsay rule with respect to intoxilyzer tests. If the State fails to meet the three requirements stated in the preceding paragraph, a properly-raised hearsay objection may be appropriately sustained. Reliance by the courts below on Rule 803(6) is misplaced, as this exception is more properly applied to businesses, not public entities like a police department. Intoxilyzer results are also not admissible under Rule 803(8) as matters observed by police officers or other law enforcement personnel.

The Legislature has the right to create exceptions to the hearsay rule or make other modifications as it sees fit.[2] It has done so with respect to intoxilyzer results in a manner that carefully balances the public safety against the rights of those accused of driving while intoxicated.

Because the State has complied with the provisions of Article 6701(*l*)–5, § 3, I would affirm the decision of the appeals court.

I respectfully dissent.

---

**2.** See Rule 101(c) which states that civil statutes are to be given greater weight than the Rules of Criminal Evidence.