In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00105-CV
______________________________


IN THE ESTATE OF HAROLD BLAND HAMILTON,
DECEASED, JAMES O. HAMILTON AND
FAYE JEANETTE HAMILTON WHITE, Appellants
Â 
V.
Â 
THE ESTATE OF HAROLD BLAND HAMILTON, DECEASED,
AND DENEEN HAMILTON FREEMAN, ADMINISTRATRIX, Appellees


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 6th Judicial District Court
Fannin County, Texas
Trial Court No. 35016


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â James Hamilton has filed a motion asking this Court to dismiss the appeal because
the parties have settled their dispute. Pursuant to Tex. R. App. P. 42.1, his motion is
granted.
Â Â Â Â Â Â Â Â Â Â We dismiss the appeal.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Donald R. Ross
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Date Submitted:Â Â Â Â Â Â December 11, 2003
Date Decided:Â Â Â Â Â Â Â Â Â December 12, 2003



ine had malfunctioned. Even when counsel did ask that question, 
the response was that Swords was unsure about whether a printout showing the number of invalid
tests could be generated.

(2) Machine Tolerance Allowed

 The fact that the machine had a .02 (4) tolerance for its control tests--tests run on known,
"control" samples at the time the subject's breath was to be tested, to determine whether the machine
was operating properly--was clearly raised and placed before the jury during cross-examination. 

(3) Elements Other than Ethyl Alcohol in a Subject's Breath

 Swords acknowledged that other elements could affect the results, and he was questioned
before the jury at length about some of those elements: radio interference, alcohol vapors in the
mouth instead of the lungs, and alcohol in the air in the room. Swords also testified there was a
presumption that, if other substances were present, the machine would register interference with the
test. 

(4) The Machine's Warranty

 There was no attempt made to place before the jury the fact that the Intoxilyzer's warranty
did not warrant its accuracy for breath testing.

(5) Temperature Problems

 The facts that the Intoxilyzer could not measure the subject's breath temperature and that it
had heating elements to heat the breath, were examined and placed before the jury at length during
the course of Barfield's cross-examination of Swords. Although different words were used when the
subject was covered during the bill of exceptions, Barfield cannot contend successfully that he had
no, or insufficient, opportunity to cross-examine the State's expert on this matter. In fact, he did, at
length and effectively.

 As the State points out, Barfield was allowed, during his some eighty pages of initial cross-examination of Swords and his some seven pages of recross-examination of Swords--all before the
jury--to get into evidence all but the warranty information.

 Although a defendant's right to confrontation and cross-examination is constitutionally
safeguarded, the right is not absolute. Chambers v. Mississippi, 410 U.S. 284, 295 (1973); Huff v.
State, 897 S.W.2d 829, 839 (Tex. App.--Dallas 1995, pet. ref'd). The trial court retains great
latitude in imposing reasonable limitations on cross-examination. Virts v. State, 739 S.W.2d 25, 28
(Tex. Crim. App. 1987). The court may properly limit the scope of cross-examination to prevent
harassment, prejudice, confusion of the issues, harm to the witness, and repetitive or marginally
relevant interrogation. Carroll v. State, 916 S.W.2d 494, 497 (Tex. Crim. App. 1996). When
considering whether a trial court's decision to exclude testimony is error, we must determine whether
the trial court abused its discretion. Love v. State, 861 S.W.2d 899, 903 (Tex. Crim. App. 1993). 
This inquiry depends on the facts of each case. Id. at 904; Roberts v. State, 963 S.W.2d 894, 901
(Tex. App.--Texarkana 1998, no pet.).

 The trial court permitted considerable cross-examination, but ultimately, after allowing a
considerable amount of highly repetitive testimony, terminated the examination. The critical issues
were before the jury by cross-examination, and based on the length and nature of the questioning,
we do not believe that the trial court abused its discretion by ending the examination when it did. 
Counsel has provided no cogent argument based on the record or on the law to show this Court the
contrary. 

 Given the sequence of events set out above, we conclude Barfield had, and exercised, his
adequate opportunity to cross-examine the State's expert witness about the matters asserted in his
brief.

 Further, even if we found that Barfield's rights were violated, counsel has made no effort to
perform any type of harm analysis that might show how any error contributed to his conviction or
punishment. See Tex. R. App. P. 44.2(a). (5)
 In that regard, we note that the jury charge permitted
conviction for driving while intoxicated either because of proof of intoxication by testimony or by
test. Even if the evidence failed as to the measurement of the breath sample, on this record, the jury
could have convicted based on Barfield's own statements and the officers' testimony.

 We affirm the judgment.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: January 24, 2007

Date Decided: January 26, 2007


Do Not Publish
1. He was sentenced to 180 days' confinement and a $2,000.00 fine. 
2. In his appellate brief, as he begins to argue his point of error number one, Barfield asks
whether Intoxilyzer results are admissible without meeting a three-pronged test of reliability. 
However, he does not develop any complaint about the admission of the Intoxilyzer test results, nor
does he point out any place at which he objected to the admission of those results. His principal
discussion under point one addresses alleged deficiencies of the breath-testing machine, including
tolerances and lack of temperature control. The real focus under that point is his argument that he
should have been permitted to more extensively attack the manner in which the machine applies the
scientific principles behind breath testing to determine blood-alcohol content.

 As he begins his argument of what he calls point of error number two, Barfield argues that
an Intoxilyzer result is not automatic proof of guilt. He also accuses the trial court of erroneously
overruling Barfield's objections--without specifying what objections were overruled--and
wrongfully misleading the jury on how it was to evaluate the evidence. He additionally seems to
complain that the trial court instructed the jury to find guilt based on the Intoxilyzer results. 
However, he specifies no jury instruction that was allegedly erroneous, and it appears that his
argument in that regard is also suggesting that the trial court misled the jury to believe that it was
required to accept the results as correct. 

 We will read his argument to assert one error, the limitation of his cross-examination of the
State's breath-testing expert. Because of lack of specificity and multifariousness in his briefing, 
Barfield waives any other alleged error.

 This Court has repeatedly warned litigants not to combine multiple issues into a single point
of error, thereby risking our overruling the composite point of error as multifarious. See, e.g., Dickey
v. State, 189 S.W.3d 339, 341 (Tex. App.--Texarkana 2006, no pet.); Newby v. State, 169 S.W.3d
413, 414 (Tex. App.--Texarkana 2005, no pet.); Harris v. State, 133 S.W.3d 760, 764 n.3 (Tex.
App.--Texarkana 2004, pet. ref'd); Parra v. State, 935 S.W.2d 862, 875 (Tex. App.--Texarkana
1996, pet. ref'd).
3. Barfield does not directly attack that pronouncement of the trial court. That may be because
the trial court's statement is correct. The Legislature has determined that the science underlying
breath testing is valid, and its application is valid if administered by individuals certified by, and
using methods approved by the rules of, the Texas Department of Public Safety. Reynolds v. State,
204 S.W.3d 386, 390 (Tex. Crim. App. Oct. 18, 2006); see Tex. Transp. Code Ann. § 724.064
(Vernon 1999); see also Mireles v. Tex. Dep't of Public Safety, 9 S.W.3d 128, 131-32 (Tex. 1999);
Stevenson v. State, 895 S.W.2d 694, 696 (Tex. Crim. App. 1995).


4. Fully stated, the tolerance is .02 grams of alcohol per 210 liters of breath.
5. See Â Long Â Â v. Â Â State, Â Â No. Â Â PD-1888-04, Â Â 2006 Â Â WL Â Â 2861076, Â Â at Â Â *1 Â Â (Tex. Â Â Crim.
App. Oct. 4, 2006); Jones v. State, 119 S.W.3d 766, 777 (Tex. Crim. App. 2003) ("The reviewing
court should 'calculate, as nearly as possible, the probable impact of the error on the jury in light of
the other Â evidence.'"). Â