Affirmed and Memorandum Opinion filed June 19, 2008








Affirmed and Memorandum Opinion filed June 19, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-00526-CR

_______________

 

NATHAN THOMAS BAIRD, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the County Criminal Court at Law No. 9

Harris County, Texas

Trial Court Cause No. 1395895

                                                                                                                                               


 

M E M O R A N D U M  O P I N I O N

Nathan Thomas Baird appeals from a
conviction for driving while intoxicated on grounds that the trial court erred
in (1) overruling appellant=s objection to the introduction of evidence seized following
an arrest without probable cause; (2) admitting breath test results after the
State failed in its burden to show the reliability of the scientific evidence;
and (3) denying a mistrial based upon the erroneous admission of the breath
test results.  We affirm.








Background

At approximately 1 a.m. on August 13,
2006, appellant and another motorist were driving their respective vehicles on
Highway 6 at 80 miles per hour (and accelerating) in a posted 45-mile-per-hour
zone.  Deputy J. K. Burton clocked the vehicles and followed them, catching up
to the vehicles at a stop light.  He followed one car through the light and
pulled it over in a gas station. Deputy Burton arrested that driver, who was
driving on a suspended license.  

While Deputy Burton was arresting the
first driver, appellant pulled into the gas station because Ahe figured the officer was trying to
stop him too.@  Officer Burton spoke with appellant and immediately smelled alcohol on
appellant=s breath.  Deputy Burton told appellant to remain in place until he had
finished arresting the first driver.

Deputy S. Rigdon arrived at this
point, and Deputy Burton asked for his assistance in  determining if appellant
was, in fact, intoxicated.  Deputy Rigdon believed appellant to be intoxicated
and placed him under arrest.

Appellant was taken to the Clay Road
substation where Deputy Burton completed his investigation.  Deputy Burton
subjected appellant to the horizontal gaze nystagmus test, and appellant
exhibited all six indicators of intoxication.  Appellant agreed to take a
breath test.

Because the Intoxilyzer at the Clay
Road substation was inoperable, appellant was transferred to the Jersey Village
Police Department nearby.  Additional sobriety tests were administered but were
inconclusive.  Appellant admitted having consumed three jumbo margaritas at Los
Cucos restaurant, averaging approximately 16 ounces each. 

Appellant then agreed to take two
breath tests using an Intoxilyzer 5000.  The first test read 0.154 grams per
210 liters, and the second test read 0.155 grams per 210 liters.  Appellant=s alcohol concentration was
determined to be above the legal limit of .08 grams per 210 liters. Based upon
appellant=s alcohol concentration at 2:58 a.m., appellant=s alcohol level was estimated to be
between .11 and .15 at the time he was arrested at 1:40 a.m.








Appellant was charged by information
with the misdemeanor offense of driving while intoxicated.  On May 25, 2007,
appellant was found guilty by a jury and the trial court assessed punishment at
180 days in the Harris County Jail, probated for 18 months.  

Standard of Review:
Admission of Evidence and Probable Cause

We review a trial
court=s denial of a
motion to suppress evidence for an abuse of discretion.  Carmouche v. State,
10 S.W.3d 323, 327 (Tex. Crim. App. 2000); Mozon v. State, 991 S.W.2d 841, 846-47 (Tex. Crim. App. 1999); Goudeau v. State, 209 S.W.3d 713,
715 (Tex. App.CHouston [14th Dist.] 2006, no pet.).  When the trial
court denies a motion to suppress, we review the factual findings for clear
error and the application of those facts to the law de novo.  Carmouche,
10 S.W.3d at 327. We
recognize that a trial court must be given wide latitude in admitting and
excluding evidence.  See Theus v. State, 845 S.W.2d 874, 881 (Tex. Crim.
App. 1992).  If the trial court=s evidentiary ruling is within the zone of reasonable
disagreement, we must affirm its decision.  See Montgomery v. State, 810
S.W.2d 372, 391 (Tex. Crim. App. 1990).

An officer has
probable cause to conduct a traffic stop when a traffic violation is committed
in his presence.  State v. Gray, 158 S.W.3d 465, 469 (Tex. Crim. App.
2005). A police officer
may make an arrest, without a warrant, for any offense committed in his
presence or within his view.  Tex. Code Crim. Proc. Ann. art. 14.01(b) (Vernon
2005).  ADuring an investigation of a traffic
violation, if an officer develops a reasonable suspicion that another violation
has occurred, the scope of the initial investigation expands to include the new
offense.@ Goudeau, 209 S.W.3d at
719.  

A trial court=s judgment should be upheld if the
ruling is reasonably supported by the record on any theory of law applicable to
the case, even if the theory was not presented in the trial court.  See Gray, 158 S.W.3d at
467; Laney v. State,
117 S.W.3d 854, 857 (Tex. Crim. App. 2003). 

 

 








Analysis: Admission of Evidence and
Probable Cause

Appellant argues that the State
lacked an objectively reasonable, articulable reason for pulling appellant over
on the night of August 13, 2006.  Therefore, appellant contends the trial court
erred in overruling his objection to the admission of evidence gathered as a
result of an illegal arrest.  

Appellant was arrested following
Deputy Burton=s observation that he was engaged in drag racing.  As the State noted in
its opening statement, Deputy Burton believed appellant had committed the
criminal offense of Adriving recklessly and drag racing on a public roadway.@ Deputy Burton possessed the
necessary probable cause to seize and arrest appellant.[1] 
See Gray, 158 S.W.3d at 469.  

Gray is instructive in this regard.  The
trial court suppressed evidence based upon lack of probable cause where the
officer, following a tip, believed the defendant was carrying drugs. Id.
at 467.  The officer waited until defendant turned a corner without signaling,
and then initiated a traffic stop.  Id.  Having received permission to
search the vehicle, the officer did so; after an initial search failed to
uncover drugs, the officer called for a drug dog to come to the scene for a
second search.  Id.  The detention took over an hour, but drugs were
eventually found.  Id.  The appellate court reversed the trial court=s suppression of the drugs as
evidence because the police had an objectively reasonable basis to legally seize
and arrest defendant following a traffic violation.  Id. at 468.  The
Court of Criminal Appeals agreed and stated: AThe fact that the officer may have
had another subjective motive for seizing [defendant] would not have made an
objectively reasonable seizure unlawful . . . .@  Id. at 469.








In the case before us, the initial
detention was premised upon the drag racing offense; this was a crime under the
Texas Transportation Code.  Tex. Transp. Code Ann. '545.420(a)(5) (Vernon Supp. 2007); see
Gray, 158 S.W.3d at
469 (an officer may
arrest a person for a violation of the rules of the road).  Drag racing has
been defined as Atwo or more vehicles from a point side by side at
accelerating speeds in a competitive attempt to outdistance each other.@  See Tex. Transp. Code Ann. '545.420(b)(1)(A) (Vernon Supp.
2007).  Officer Burton testified that it was his observation, given the manner
in which the two individual drivers were driving their vehicles, that they were
engaged in a drag race.  He had legal authority to arrest appellant on that
basis, rendering appellant=s seizure and arrest legal.

Appellant=s first issue is overruled.

Standard of Review: Scientific
Evidence

Appellant next contends that the
trial court erred in admitting breath test results because those results were
not scientifically reliable.  Scientific testimony must be both reliable and
relevant in helping the jury reach a conclusion in a case.  Kelly v, State,
824 S.W.2d 568, 572 (Tex. Crim. App. 1992) (establishing the Kelly test for
the admission of scientific evidence used in Texas: (a) the underlying
scientific theory must be valid; (b) the technique applying the theory must be
valid; and (c) the technique must have been properly applied on the occasion in
question@); see Reynolds
v. State, 204 S.W.3d 386, 389-90 (Tex. Crim. App. 2006) (citing Kelly, 824 S.W.2d at 573, and adopting the
Kelly test for analysis of the admittance of all scientific evidence). 

Analysis: Scientific Evidence








Appellant contends that the trial
court erred in admitting breath test results after the State failed to
establish the reliability of this scientific evidence.  Appellant=s attack on the admissibility of the
breath test is based upon the third  Kelly element: A[T]he technique
must have been properly applied on the occasion in question.@ Reynolds,
204 S.W.3d at 389-90 (citing Kelly, 824 S.W.2d at 573); see also
Hartman v. State, 946 S.W.2d 60, 64 (Tex. Crim. App. 1997) (Aunlike the first
two prongs of the Kelly test, the third prong . . . must necessarily be
decided on a case-by-case basis@) (Keller J., concurring and dissenting). 
Appellant contends that the State failed to show the sample was at the required
temperature, and therefore was unreliable.  Appellant=s complaint
fails.  

In Reynolds, the Texas Court
of Criminal Appeals modified the Kelly test to harmonize the
Transportation Code and Rule 702 as they pertain to the admission of alcohol concentration
results from the Intoxilyzer 5000.  Reynolds, 204 S.W.3d at 390-91.  The court stated: 

[W]hen evidence of alcohol
concentration as shown by the results of analysis of breath specimens taken at
the request or order of a peace officer is offered in the trial of a DWI
offense, (1) the underlying scientific theory has been determined by the legislature to be valid; (2) the
technique applying the theory has been determined by the legislature to be
valid when the specimen was taken and analyzed by individuals who are certified
by, and were using methods approved by the rules of, DPS; and (3) the trial
court must determine whether the technique was properly applied in accordance
with the department=s rules, on the occasion in
question.

 

Id.

Reynolds instructs that the trial court need
only perform a gatekeeper function centered on the third element, and that
compliance with section 724.016 of the Transportation Code satisfies this third
element.  Id. at 390 n.26; see also Stevenson v. State, 895
S.W.2d 694, 696 (Tex. Crim. App. 1995).  The Transportation Code Aauthorizes the
Department of Public Safety to adopt rules approving satisfactory techniques or
methods.@ Tex. Transp. Code '724.016(b)(1) revisor=s note 2 (Vernon 1999).  The Department of
Public Safety has set
forth the requirements for breath alcohol testing procedures in the Texas
Administrative Code.  See 37 Tex. Admin. Code ' 19.4 (2006) (Dep=t of Pub. Safety, Approval of
Techniques, Methods, and Programs).         








There is a presumption of
admissibility when these procedures prescribed by the Department of Public
Safety are followed.  Reynolds, 204 S.W.3d at 390 (scientific evidence
is presumed to satisfy the Kelly test); Stevenson, 895 S.W.2d at
696 (Intoxilyzer test presumed admissible when statutory requirements for
proper procedure are followed); see also Mireles v. Tex. Dept. Of Pub.
Safety, 9 S.W.3d 128, 131-32 (Tex. 1999) (the Texas Legislature has
recognized the scientific theory and technique behind the breath tests, and
prescribed the procedures to use).

Appellant contends that he has
rebutted this presumption, but in so doing cites to an older version of the
Texas Administrative Code and to a provision not in effect at the time of his
arrest.  While a previous code provision required that the sample mixture be
maintained at a known temperature, that provision had been discarded at the
time of appellant=s arrest.[2]   See 30
Tex. Reg. 5729 (2005) ('' 19.1-19.7 were substantially revised, and 19.3 became 19.4).
Under the new provision, the known temperature requirement no longer applies.  See
Tex. Admin. Code ' 19.4(c).   Appellant does not contend that the current
procedures were violated, and the State proffered evidence of compliance with
the procedures mandated in the current code.   See generally  Gamez v. State,
No. 04-02-00087, 2003 WL 145554 (Tex.App.B San Antonio Jan. 22, 2003, no pet.)
(mem.op.) (nothing in breath alcohol testing regulations requires the State to
take the subject=s body temperature). 

The State=s expert witness on the Intoxilyzer
5000, Vicki Amszi,  testified that significant deviation in the temperature
would produce errant sample readings, and errant sample readings would cause
the Intoxilyzer 5000 to abort the test.[3]  Appellant=s tests were not aborted.  The
evidence at trial establishes that the readings produced by the Intoxilyzer
5000 were accurate and were obtained in conformity with procedures prescribed by
the governing regulations.  Therefore, the breath test results were admissible.  








Because the breath test results were
admissible, appellant cannot establish that a mistrial was warranted based upon
admission of the results.

Appellant=s second and third issues are
overruled.

Conclusion

The trial court=s judgment is affirmed.

 

 

 

/s/        William J. Boyce

Justice

 

Judgment rendered and Memorandum
Opinion filed June 19, 2008.

Panel consists of Chief Justice
Hedges, Justice Boyce, and Senior Justice Hudson.*

Do not publish C Tex. R. App. P.  47.2(b).

 

 









[1]           Appellant argues that Deputy Burton=s stated reason for arresting appellant was driving
while intoxicated, and argues that probable cause for this offense  was not
present when he was originally detained.   Although Deputy Burton stated that
the arrest was premised upon appellant=s
driving while intoxicated, he had grounds for the initial detention because of
the traffic violation.  Therefore, probable cause for a detention and an arrest
existed from the first moment Officer Burton spoke to appellant.  See Gray, 158 S.W.3d at 467; Laney v. State, 117 S.W.3d at 857.





[2]           The current code became effective on March
26, 2006.  Appellant was arrested on August 13, 2006.





[3]           There is little discussion of why the old
statute was changed other than to note that it had become burdensome and
antiquated.  See 30 Tex. Reg. 5729 (AThe current application process used to establish a breath
testing program under department regulatory control is unduly burdensome and
antiquated and language is offered to better facilitate this process@). 





*           Senior
Justice J. Harvey Hudson sitting by assignment.