

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1206-10

### THE STATE OF TEXAS

### v.

### PAUL DAVID ROBINSON, Appellant

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE TENTH COURT OF APPEALS
### FREESTONE COUNTY

**PRICE, J., filed a dissenting opinion.**

### DISSENTING OPINION

In her concurring opinion, Judge Cochran asserts that "at trial, the State will be required to offer evidence that the blood was drawn by a qualified person [presumably, as mandated by Section 724.17(a) of the Transportation Code[1]] before evidence of the blood,

---

[1] *See* TEX. TRANSP. CODE § 724.017(a) ("Only a physician, qualified technician, chemist, registered professional nurse, or licensed vocational nurse may take a blood specimen at the request or order of a peace officer under this chapter. The blood specimen must be taken in a sanitary place.").

the blood test, and the blood results are admissible."[2]   Although she cites no authority for this proposition, I believe it to be a correct statement of the law.  But, given that the law requires the State to bear the burden of proving that Section 724.017(a) was satisfied as an evidentiary threshold at trial, I fail to see what sense it makes to assign the burden of proof differently when a defendant first broaches the issue in a pre-trial motion to suppress rather than waiting until trial to insist that the State be held to its evidentiary predicate.

We have observed that Section 724.064 of the Transportation Code constitutes a legislative determination "that breath test results should be admissible in DWI prosecutions without the necessity of establishing the scientific basis for [and hence, the reliability of] such tests under *Daubert* and *Kelly*[.]"[3]  In *Reynolds v. State*,[4] also in the breath-test context, we have held that, notwithstanding Section 724.064's blanket determination that the science behind various forms of BAC analysis is reliable, the State must prove as a predicate fact to the introduction of intoxilyzer evidence that the intoxilyzer operator was properly certified

---

[2] Concurring opinion, at 6.

[3] *Bagheri v. State*, 119 S.W.3d 755, 760 (Tex. Crim. App. 2003) (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and *Kelly v. State*, 824 S.W.2d 568 (Tex. Crim. App. 1992)); *Stewart v. State*, 129 S.W.3d 93, 98 (Tex. Crim. App. 2004) (same). *See* TEX. TRANSP. CODE § 724.064 ("On the trial of a criminal proceeding arising out of [certain offenses, including DWI], evidence of the alcohol concentration . . . as shown by analysis of the person's blood , breath, or urine or any other bodily substance taken at the request or order of a peace officer is admissible.").

[4] 204 S.W.3d 386 (Tex. Crim. App. 2006).

under Section 724.016(a) of the Transportation Code.[5] Presumably the same principles that undergird our holding in *Reynolds* with respect to breath test results would hold true for blood test results as well. That being the case, while Section 724.064 of the Transportation Code may obviate any general threshold judicial inquiry into the scientific reliability of blood alcohol testing, it does not excuse the State, as proponent of such evidence, from making a predicate showing that the person who extracted the blood to be tested was statutorily qualified to do so under Section 724.017(a).

The appellant in *Reynolds* made an issue of whether the evidentiary predicate could be met in the context of a pre-trial hearing. That is what the appellant did here. I do not understand why, just because he challenges the admissibility of the State's BAC evidence in the context of a motion to suppress, the appellant should suddenly be made to shoulder what we would otherwise agree should be the State's burden of proof.

I respectfully dissent.

FILED:     March 16, 2011
PUBLISH

---

[5]   *See id.* at 390 & n.26 ("In the context of breath test results, the Legislature has already determined that the underlying science is valid, and that the technique applying it is valid *as long as it is administered by individuals certified by, and using methods approved by the rules of, DPS.*" (emphasis supplied)); *see also Stevenson v. State*, 895 S.W.2d 694, 696 (Tex. Crim. App. 1995) (scientific reliability of intoxilyzer test is established so long as the proponent of evidence of the test results shows that the provisions of predecessor to TEX. TRANSP. CODE § 724.016 were satisfied).