IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1206-10







THE STATE OF TEXAS


v.


PAUL DAVID ROBINSON, Appellant






ON STATE'S PETITION FOR DISCRETIONARY REVIEW

FROM THE TENTH COURT OF APPEALS

FREESTONE COUNTY




 Price, J., filed a dissenting opinion.


DISSENTING OPINION


 In her concurring opinion, Judge Cochran asserts that "at trial, the State will be
required to offer evidence that the blood was drawn by a qualified person [presumably, as
mandated by Section 724.17(a) of the Transportation Code (1)] before evidence of the blood,
the blood test, and the blood results are admissible." (2) Although she cites no authority for
this proposition, I believe it to be a correct statement of the law. But, given that the law
requires the State to bear the burden of proving that Section 724.017(a) was satisfied as an
evidentiary threshold at trial, I fail to see what sense it makes to assign the burden of proof
differently when a defendant first broaches the issue in a pre-trial motion to suppress rather
than waiting until trial to insist that the State be held to its evidentiary predicate.

 We have observed that Section 724.064 of the Transportation Code constitutes a
legislative determination "that breath test results should be admissible in DWI prosecutions
without the necessity of establishing the scientific basis for [and hence, the reliability of]
such tests under Daubert and Kelly[.]" (3) In Reynolds v. State, (4) also in the breath-test context,
we have held that, notwithstanding Section 724.064's blanket determination that the science
behind various forms of BAC analysis is reliable, the State must prove as a predicate fact to
the introduction of intoxilyzer evidence that the intoxilyzer operator was properly certified
under Section 724.016(a) of the Transportation Code. (5) Presumably the same principles that
undergird our holding in Reynolds with respect to breath test results would hold true for
blood test results as well. That being the case, while Section 724.064 of the Transportation
Code may obviate any general threshold judicial inquiry into the scientific reliability of blood
alcohol testing, it does not excuse the State, as proponent of such evidence, from making a
predicate showing that the person who extracted the blood to be tested was statutorily
qualified to do so under Section 724.017(a).

 The appellant in Reynolds made an issue of whether the evidentiary predicate could
be met in the context of a pre-trial hearing. That is what the appellant did here. I do not
understand why, just because he challenges the admissibility of the State's BAC evidence in
the context of a motion to suppress, the appellant should suddenly be made to shoulder what
we would otherwise agree should be the State's burden of proof.

 I respectfully dissent.

FILED: March 16, 2011

PUBLISH
1. See Tex. Transp. Code § 724.017(a) ("Only a physician, qualified technician, chemist,
registered professional nurse, or licensed vocational nurse may take a blood specimen at the request
or order of a peace officer under this chapter. The blood specimen must be taken in a sanitary
place.").
2. Concurring opinion, at 6.
3. Bagheri v. State, 119 S.W.3d 755, 760 (Tex. Crim. App. 2003) (citing Daubert v. Merrell
Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993) and Kelly v. State, 824 S.W.2d 568 (Tex. Crim.
App. 1992)); Stewart v. State, 129 S.W.3d 93, 98 (Tex. Crim. App. 2004) (same). See Tex. Transp.
Code § 724.064 ("On the trial of a criminal proceeding arising out of [certain offenses, including
DWI], evidence of the alcohol concentration . . . as shown by analysis of the person's blood , breath,
or urine or any other bodily substance taken at the request or order of a peace officer is admissible.").
4. 204 S.W.3d 386 (Tex. Crim. App. 2006).
5. See id. at 390 & n.26 ("In the context of breath test results, the Legislature has already
determined that the underlying science is valid, and that the technique applying it is valid as long as
it is administered by individuals certified by, and using methods approved by the rules of, DPS."
(emphasis supplied)); see also Stevenson v. State, 895 S.W.2d 694, 696 (Tex. Crim. App. 1995)
(scientific reliability of intoxilyzer test is established so long as the proponent of evidence of the test
results shows that the provisions of predecessor to Tex. Transp. Code § 724.016 were satisfied).